### HEINZE et al. v. BUCKINGHAM et al.

(*Supreme Court, General Term, First Department.* December 31, 1891.)

ASSIGNMENT OF CONSIGNOR'S INTEREST—LIABILITIES OF ASSIGNEE.

    The transfer of a consignor's interest in goods consigned for sale on commission does not render the transferee personally liable for advances made by the consignee to the consignor, or for commissions agreed to be paid by the latter, in the absence of any agreement by the transferee to that effect; and such agreement cannot be inferred from the fact that accounts were rendered by the consignee to the transferee, and received by the latter without objection, charging the transferee with advances and interest.

Appeal from circuit court, New York county.

Action by Otto Heinze, Maurice Lowy, and Hermann Schneider against Oliver W. Buckingham and Leonard Paulson, Jr., to recover for commissions and advances on goods. At the trial, the jury found a verdict for plaintiffs. A motion by defendants for a new trial was denied, and judgment for plaintiffs was entered on the verdict. From the judgment and the order denying their motion for a new trial defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT and ANDREWS, JJ.

*John J. Adams,* for appellants. *Arthur P. Heinze,* for respondents.

BARRETT, J. In the year 1887 one Ryan consigned certain goods to the the plaintiffs for sale on commission. The plaintiffs made advances to Ryan upon these goods. In July of the same year Ryan transferred all his right, title, and interest in the goods to one Pine, and Pine transferred the same interest to the defendants. Thus the defendants became the owners of the goods in the plaintiffs' hands, subject to the advances made to Ryan, and subject also to the arrangement between the plaintiffs and Ryan, under which the goods were taken and the advances made. The goods were sold from time to time thereafter, and accounts were rendered to the defendants, showing charges for advances and interest, and credit for net proceeds of sales. The last of these accounts was rendered on the 31st of December, 1889, and shows a balance against the defendants of $286.40. This balance is made up of what remained unpaid of the original advances to Ryan and the interest thereon, after crediting the sales of all the goods; and it is for this balance that the present action was brought. We do not understand upon what theory the defendants are sought to be made liable for this balance. They never assumed Ryan's personal obligation for the advances made to him, and, for aught that appears, that obligation still exists. The goods in the plaintiffs' hands were, of course, liable for the advances, interest, and commissions agreed upon, and Ryan was liable personally for any balance of account. But the transferees of the goods could become liable *in personam* for the advances made to Ryan only upon proof of an agreement, express or implied, to assume Ryan's obligation. No such express agreement is claimed. But it is said that such an agreement may be inferred from the accounts rendered to the defendants from time to time, and received without objection. These accounts, however, are quite as consistent with the opposite inference. What they really show is the sales of the goods, and the reduction thereby of the advances. They are accounts in form between the plaintiffs and the defendants, made out as though the defendants were the original consignors, but in substance they simply point out the equity of the defendants from time to

time in the remaining goods. It is true, they charge the defendants with the advances and the interest thereon, but that was as against the goods, and not personally. Accounts could not very well have been made out as between the plaintiffs and the goods, nor as between the plaintiffs and Ryan. They were properly made out as between the plaintiffs and the defendants. But the object was to inform the defendants each time they were rendered what goods had been sold, and, consequently, what goods remained unsold, and the extent of the plaintiffs' lien upon such unsold goods; in other words, to tell the defendants precisely how they stood with regard to the goods, and what their chances were of realizing something from them over and above the plaintiffs' advances, interest, and commission. The defendants' interest in the final result also accounts for their suggestions, and even for their instructions as to price. But if, upon all the facts, there was enough to go to the jury upon the question of an implied assumption by the defendants of Ryan's obligation, we think the learned judge erred in refusing to charge as requested at the close of the case. The record on this head is as follows: "Defendants' counsel asks the court to charge the jury as follows: 'That, if the defendants made no agreement with the plaintiffs to assume the commission agreed to be paid by Ryan, the plaintiffs cannot recover.' The court declines so to charge, and defendants except. 'That, if the defendants did not agree to pay commissions, the plaintiffs cannot recover.' Declined, and defendants except. 'That by the assignment from Ryan to the defendants the defendants did not assume any liability for the advances made to Ryan or the commissions.' Declined, and the defendants except." We do not doubt that the defendants took the goods from Ryan subject to whatever agreement was made with regard to commissions, and, consequently, that the goods were chargeable with such commissions. But we do not think that the defendants were personally liable for such commissions unless they assumed Ryan's obligation on that head, or unless they made the plaintiffs their own agents for the sale of the goods. The first proposition covered any agreement, express or implied, to assume such commissions, and the second proposition covered any agreement, express or implied, to pay commissions directly. We think these propositions were correct, and should have been charged. The third proposition was also clearly correct. The defendants certainly assumed no personal obligation, either for the advances made to Ryan, or for the commissions which he had previously agreed to pay, by taking an assignment of their transferrer's right, title, and interest in the goods. If they did assume any such liability, either expressly or, by implication, it was not by the assignment itself, but by their subsequent acts. As the case was put to them, the jury were justified in holding the defendants upon the assignment standing alone. The judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellants to abide the event.

All concur.