### SUYDAM et al. v. DUNTON.

(Supreme Court, General Term, Second Department. February 11, 1895.)

1. ASSIGNMENT OF CONTRACT—LIABILITY OF ASSIGNEE.
　　An assignment by the purchaser of a contract for the sale of land does not render the assignee liable to the vendor for the purchase money.
2. EASEMENTS—ABANDONMENT.
　　Ceasing to use an easement, accompanied by an act indicating an intent to abandon it, has the same effect as a release thereof.

Appeal from special term, Queens county.

Action by Lawrence R. Suydam and another against Frederick W. Dunton to recover damages for breach of a contract for the purchase of real estate. From a judgment for $26,474.24, in favor of plaintiffs, defendant appeals. Affirmed.

The opinion of Mr. Justice BROWN at special term is as follows:

The parties having agreed upon the facts of this case, it is necessary only that I state my conclusions therefrom. The defendant has never performed his agreement, and, the executors having tendered a proper and sufficient deed

for the property, plaintiffs are entitled to recover the damages sustained, unless that right has been lost by reason of some of the facts alleged as a defense. Upon notice to the defendant, the property was sold at public auction for $48,830.25, and that sum is agreed upon as the "fair market value" of the farm at the time of the sale. The difference between that sum and the purchase price named in the contract of sale, together with the expenses incurred by the executors, make up the damages sustained.

The main defense relied upon is that based upon the judgment in the case of Granger v. Suydam's Ex'rs. That judgment is not a bar to this action. Granger did not, in the assignment to him by defendant, assume the obligations of the contract, and the executors could not have enforced it against him. He was not liable for the purchase money, because that was defendant's debt, and Granger could be liable for it only in case he promised to pay it in writing. For the same reason, he was not liable for specific performance. The fact, therefore, that the executors asked to amend their complaint in that action, and prayed for specific performance, which the court denied, is not a defense to an action on the contract by the plaintiffs, as the assignees of the executors against the defendant. The utmost that can be said upon this proposition is that the executors sued a person not liable to them. But this did not preclude them from maintaining an action against the right party. The assignment neither bound Granger to nor released the defendant from the obligation of the contract. Its sole effect was to entitle Granger to demand and receive the performance of the contract of the executors. He stood in the defendant's place, and his tender of the installment of the purchase money in April, 1892, may be considered in this action as made on defendant's behalf. If the executors were not at that time able to perform their contract on their part, and convey a good title, then they were in default, and the agreement was broken. This question depends upon the existence or nonexistence of the right of way over the farm. The facts in relation to that right of way are set forth in the statement, 16th to 24th subdivisions, inclusive, from which it appears that Isaac D. B. Suydam, and, after his death, his heirs and executors, had been, since 1861, in the continued open, adverse occupation of the land covered by said right of way, under claim of ownership, and under such circumstances as warrant the conclusion that it had been abandoned and surrendered by the owner of the adjacent farm. Under these facts, there was no incumbrance. A cessor to. use, accompanied by an act clearly indicating an intention to abandon the right, has the same effect as a release without reference to time. Washb. Easem. (4th Ed.) p. 707; Snell v. Levitt, 110 N. Y. 595, 18 N. E. 370; Welsh v. Taylor, 134 N. Y. 450, 31 N. E. 896, and cases cited.

It is not a defense that there was in April, 1892, an apparent incumbrance of this character upon the farm. It must be shown to exist as a fact; otherwise it does not justify a refusal to perform the contract. I find as a fact, therefore, that there was no incumbrance upon the land in April, 1892, when the second installment was due, and that the executors were at that time ready and willing to perform. They were not bound at that date to tender performance; it is sufficient that that be done at the maturity of the final payment. The rule as to dependent covenants requires only that tender of the deed precede an action for the purchase money. There is no defense to the action, and the plaintiffs are entitled to judgment for the sum of $25,425.58, with interest from December 2, 1893.

Argued before DYKMAN and PRATT, JJ.

F. H. Van Vechten, for appellant.

Hoadly, Lauterbach & Johnson (F. R. Minrath, of counsel), for respondents.

DYKMAN, J. This is an appeal by the defendant from a judgment entered upon the decision of a judge of this court in favor of the plaintiffs, against the defendant. The findings of facts and conclusions of law are full and satisfactory, and, with the opinion

of the trial judge, render any enlargement here unnecessary. The judgment should be affirmed, upon the opinion of the court below, with costs.