JAMES H. RYAN and DUNCAN THOMPSON, Respondents, *v.* FRANCESCO PISTONE, Appellant.

*Novation — essentials of.*

To constitute a novation there must be a mutual agreement among three or more parties whereby a debtor, in consideration of being discharged from his liability to his original creditor, contracts a new obligation in favor of a new creditor.
Facts considered which do not constitute a novation.

APPEAL by the defendant, Francesco Pistone, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Westchester on the 31st day of March, 1894, upon the verdict of a jury rendered after a trial at the Westchester Circuit, and also from an order bearing date the 13th day of March, 1894, and entered in the Westchester county clerk's office, denying the defendant's motion for a new trial.

*Clarence D. Jones*, for the appellant.

*Ralph Hickox*, for the respondents.

BROWN, P. J.:

The exception taken to the denial of the motion to dismiss the complaint must be sustained.

It appears that one Ceburre entered into a contract with the defendant to erect a house. Ceburre sublet the roofing and plumbing to the plaintiffs, and there was a balance unpaid for their work. The plaintiff Ryan testified to a conversation with the defendant, in which defendant orally agreed to pay the plaintiffs' bill, and deduct it from the amount due to Ceburre. It does not appear that Ceburre consented to this arrangement, or was consulted about it. The testimony was that he was present at the conversation, but said nothing. Thereafter defendant paid plaintiffs $200, and this action was brought to recover the balance. The case presents nothing more than an oral agreement without consideration, to pay the debt of another. To constitute a novation there must be a mutual agreement among three or more parties, whereby a debtor in consideration of being discharged from his liability to his original creditor, contracts a new obligation in favor of a new creditor. Ceburre

could not be held to have discharged the defendant, from the mere fact that he was present at the conversation between Ryan and the defendant. That fact did not estop him from enforcing his claim against the defendant. If he had sued defendant for the balance due him upon his contract the day following the conversation, defendant could not successfully have pleaded an oral agreement to pay the plaintiffs. (*Kelly* v. *Roberts*, 40 N. Y. 432.)

But if the agreement was not binding upon Ceburre the moment it was made it did not become so by anything that occurred thereafter.

The case does not fall within the doctrine of *Lawrence* v. *Fox* (20 N. Y. 268).

The judgment must be reversed and a new trial granted, costs to abide the event.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.