a mortgage and the defendant Blass demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action and because there was a defect of parties defendant. The complaint was sufficient as against the defendant Blass and the judgment should be affirmed, with costs. Pratt, J., concurred; Brown, P. J., not sitting.

William Hollingsworth, Respondent, v. The Long Island Railroad Company, Appellant. — Judgment affirmed, with costs.—

PRATT, J.: The case went to the jury on the point as to whether the injury was caused by the defective brake. The verdict establishes that to be the fact, and from that we think defendant's liability results. We are not able to agree with defendant's counsel that the railroad company owed no duty to the plaintiff in respect to that brake. The perils of his occupation which he assumed did not include defective rolling gear of which he had no notice. The court correctly held that concurring negligence of a co-employee did not relieve defendant from responsibility. (*Lilly* v. *N. Y. C. & H. R. R. R. Co.*, 107 N. Y. 566.) The verdict was not exces-sive. Judgment affirmed, with costs. Brown, P. J.. and Dykman, J., concurred.

The Noyac Cottage Association, Plaintiff, v. Newton E. Whiteside, Defendant; The Noyac Cottage Association, Plaintiff, v. Henry G. Atwater, Defendant; The Noyac Cottage Association, Plaintiff, v. Lucius J. Whitney, Defendant.—Exceptions overruled and judgment ordered on the verdicts, with costs. No opinion. All concur.

Charles H. Schwarz, Respondent, v. Long Island City, Appellant.—Judgment affirmed, with costs. No opinion. All concur.

Margaret Fox, Respondent, v. Mary P. De Graff, Executrix, etc., Appellant. — Judgment affirmed, with costs.—

DYKMAN, J.: This is an appeal by the defendant from a judgment in favor of the plaintiff entered upon the report of a referee. The action was brought to recover for the board of Robert De Graff under a contract with the defendant's testator. The agreement was established and the report is sustained by proof, and no question of law is involved. Judgment should be affirmed, with costs. Brown, P. J., and Pratt, J., concurred.

---

## DECISIONS HANDED DOWN DECEMBER 27, 1895.

Matter of Application of Michael T. Daly, as Commissioner of Public Works of the City of New York, etc., under Chapter 189 of the Laws of 1893 to Acquire Certain Real Estate, etc.—Order affirmed, with ten dollars costs and disbursements.—

PRATT, J.: This is an appeal from an order made at Special Term involving the allowance made attorneys of record in this proceeding. The statute authorizing and regulating the proceeding provides that "such allowance for counsel fees as may be made by order of the court shall be final, etc." It is plain that the commissioners had no authority to fix any allowance, but the power was vested in the court. It was, therefore, a matter of discretion to be fixed in view of all the circumstances. The sum allowed did not exceed the limit prescribed by section 3255 of the Code of Civil Procedure and was not an abuse of the discretion vested in the judge presiding at Special Term. The case involved much labor and responsibility and required great care and much time in its management; in addition, new duties were imposed upon the attorneys subsequent to the hearing before the court upon the first presentation of the commissioners' report. The proceeding involved the taking of 113 parcels of land, and the awards exceeded $150,000, and the time required was over two years. During all this time the case called for constant attention. Under all the facts and circumstances we cannot say the amount allowed was unreasonable. Order affirmed, with costs and disbursements. Brown, P. J., concurred; Dykman, J., not sitting.

Arthur W. Caziarc, Respondent, v. Abram French Company, Appellant.—Order modified by striking out the name of the person in whose presence the plaintiff was seen intoxicated, and, so modified, affirmed, without costs.—

PRATT, J.: This is an appeal from an order requiring the defendant to serve a verified bill of particulars of the matter set up in the answer. In addition to a general denial, the defendant has set up in what way he claims the plaintiff has broken the contract of employment, and it is only fair the plaintiff should be apprised of the time and place, when and where, the occasions took place upon which he intends to offer proof. He will not be required to disclose his evidence or the names of his witnesses. The order went too far in requiring the defendant to state the names of the persons in whose presence the plaintiff was intoxicated; with the modification of striking out that part of the order, the order appealed from is affirmed, without costs to either party. All concur.

Alexander Smith & Sons' Carpet Company, Respondent; v. Halcyon Skinner, Appellant. —Order affirmed, with ten dollars costs and disbursements.—

PRATT, J.: The Special Term places this case on the proper ground. The patent No. 543,659 is shown by moving affidavits to belong in equity to plaintiff, while the proper title is held by defendant. He refuses to assign, and upon these facts an injunction *pendente lite* against his transferring the patent to strangers is a matter of course. Strict proof that defendant threatens to sell is not required. From the fact that defendant unjustly refuses to assign to plaintiff, the court may well infer an intent to use the patent unlawfully. It is objected that it is not specifically shown when the discovery covered by patent No. 543,659 was made, and, therefore, it may have been made before 1874, when the contract was executed upon which plaintiff's rights depend. It is shown to be for an improvement on patent No. 186,374, issued in 1877. The court will take judicial notice of the course of business in the patent office, and that No. 543,659 is an issue of later date than No. 186,374. We think the appeal without merit. Order appealed from affirmed, with costs. All concur.

The Unionville Silk Manufacturing Company, Appellant, v. C. W. Peasley and Another, Respondents.—Order affirmed, with ten dollars costs and disbursements. No opinion. All concur.

James H. Ryan v. Francis Pistone.—Motion to

amend order of reversal granted, and leave granted to appeal to the Court of Appeals.

Daniel Mahoney v. Jarvis McWalters.—Motion for reargument granted.

Lizzie J. Canda v. John Totten.—Motion to re-settle order of reversal granted.

The Noyac Cottage Association v. Newton E. Whiteside.—Motion to resettle order denied, without costs.

The Noyac Cottage Association v. Henry G. Atwater.—Motion to resettle order denied, without costs.

The Noyac Cottage Association v. Lucius J. Whitney.—Motion to resettle order denied, without costs.

# First Department, December Term, 1895.*

Emma Gutman, Respondent, v. The New York Elevated Railway Company and Another, Appellants.—Judgment reversed and new trial ordered before another referee to be appointed by this court, with costs to appellants to abide event. —

Per Curiam: It seems to be conceded by the respondent that evidence, and upon an examination of the record a considerable amount thereof, was admitted in this action for the purpose of proving damage, of a character which was condemned by the Court of Appeals in the case of Jamie: on v. Kings Co. El. R.. Co., recently decided. It is impossible for us to say that such evidence did not influence the referee, or that he would have come to the same conclusion had it not been presented before him for consideration. It may be true that the evidence in question was of a character such as has been presented in various of these cases which have been affirmed by the Court of Appeals. But that court seems in the case last decided to have finally come to the conclusion that it is necessary to enforce the rules of evidence which commonly obtain, even in an elevated railroad case in this city; and we see no reason for dissenting from this conclusion. The case at bar, as already stated, is clearly within the rule laid down in the Jamieson case, and the judgment must, therefore, be reversed and a new trial ordered before another referee to be appointed by this court, with costs to the appellants to abide the event. Present — Van Brunt, P. J., O'Brien and Follett, JJ.

Martha Keesy, Appellant, v. John F. Dimon and Others, Respondents.—Judgment affirmed, with costs, on opinion at Special Term.

The Board of Home Missions, etc., and Another, Appellants, v. The Mayor, Aldermen and Commonalty of the City of New York, Respondent.—Judgment affirmed, with costs, on opinion of Special Term.

The Mercantile Trust Company, Appellant, v. The Atlantic Trust Company, Respondent.—Order to be entered reversing order appealed from, unless defendant give security, to be fixed upon application to Special Term. See Mem. Per Curiam.

The People of the State of New York ex rel. John G. Zuckschwerdt, Appellant, v. James J. Martin and Others, Respondents.—Writ dismissed, with costs. No opinion.

Abbie S. Nash and Others, Appellants, v. Hall Signal Company and Others, Respondents.—Motion granted.

In the Matter of an Application for the Removal and Disbarrment of an Attorney.—The attorney suspended for six months.

Thomas G. Patterson, Respondent, v. John P. McGovern, Appellant.—Judgment affirmed, with costs. No opinion.

Edward D. Farrell, Respondent, v. The Manhattan Railway Company and Another, Appellants.—Judgment modified by reducing the fee damage to $6,500 and the allowance to $400, and as modified affirmed, without costs. No opinion.

Anson B. Stewart and Others, Respondents, v. The New York Elevated Railway Company and Another, Appellants.—Judgment modified by reducing the rental damage to $750 and the extra allowance to $75, and as modified affirmed, without costs. No opinion.

Ferdinand Beinhauer, Respondent, v. Manhattan Railway Company and Another, Appellants.—Judgment modified by reducing the fee damage to $1,000, the rental damage to $800, and extra allowance to $90, and as so modified affirmed, without costs. No opinion.

The People of the State of New York ex rel. The American Flag Company, Respondent, v. Edward P. Barker and Others, Appellants.—Order affirmed, with costs and disbursements upon opinion of court at Special Term.

John Corse and Others, Trustees, etc.,Plaintiffs, v. Sarah M. Chapman and Others, Defendants.—Motion for new trial denied, with costs. No opinion.

In the Matter of Thomas Simpson, Plaintiff, v. Abram Kling, Defendant.—Motion denied, with ten dollars costs.

Maria H. N. Bartlett, as Executrix, etc., Respondent, v. William W. Goodrich, as Assignee, etc., Appellant.—Judgment affirmed, with costs.—

Per Curiam: From July 15, 1890, to May 24, 1894, the date of the death of Edward B. Bartlett, the legal title to the policies of insurance on his life was in him, and on his death it passed under his will to the plaintiff. The defendant insists that the equitable title to the policies was in the firm of E. B. Bartlett & Co. They never were assigned to the firm; but, in March, 1887, they were assigned by Edward B. Bartlett to Albert C. Woodruff and Henry C. Nitchie in equal shares, who, with Bartlett, were the partners composing the firm of E. B. Bartlett & Co. The legal title remained in Woodruff and Nitchie until July 15, 1890, when they reassigned the policies to Bartlett. The plaintiff is the representative of Bartlett and his creditors, and the defendant is the representative of the creditors of the firm of E. B. Bartlett & Co. and of the individual creditors of Woodruff and Nitchie, and the equities of these litigants must be worked out through the equities of the individual partners as between themselves and the firm. It is very clear that as between the three partners Bartlett was the equitable as well as the legal owner of these policies as he was between himself and the firm. The firm was at all times largely indebted to him, and at the time of his death in the sum of upwards of $127,000, and there was no obligation on his part, legal or equitable, to relinquish his individual title to the policies in favor of the firm or in favor of Woodruff and Nitchie.

*Decided December 18, 1895.