FRANK D. IZZO, Respondent, *v.* IRA M. LUDINGTON, Appellant.

*Order drawn by a creditor on his debtor in favor of a third person — when not an equitable assignment — as a bill of exchange it must be accepted in writing — what is essential to a novation.*

An order drawn by a creditor on his debtor directing the debtor to pay a certain amount to a third person is not effectual as an equitable assignment unless it is drawn upon a particular fund.

Such an order is not binding upon the debtor as a bill of exchange unless he signs a written acceptance thereof.

*Semble*, that the delivery of such an order will not constitute a novation unless it appears that the payee of the order agreed to release the creditor and to look to the debtor for the payment, and that the debtor accepted liability to the payee.

APPEAL by the defendant, Ira M. Ludington, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Washington on the 16th day of May, 1902, upon the verdict of a jury for $1,093.38, and also from an order denying the defendant's motion for a new trial made upon the minutes.

The order denying the motion for a new trial, referred to in the notice of appeal, does not appear in the record.

*Clarence W. McKay*, for the appellant.

*Robert O. Bascom*, for the respondent.

CHESTER, J.:

The defendant was a railroad contractor having a contract to construct an extension of the Greenwich and Johnsonville Railway. The plaintiff entered into a verbal contract with the defendant to furnish him such Italian laborers as he should need on the work. The terms of the contract are in dispute. The plaintiff claims that the defendant was to pay him one dollar per head for each of the laborers furnished. The defendant, on the other hand, claims that the plaintiff was to pay him one dollar each for such laborers. Plaintiff also claimed that he was to board and lodge the laborers so furnished and that the defendant was to deduct the amount of their board from the wages due them and pay it directly to the plaintiff, and alleges that pursuant to this arrangement the plaintiff did furnish board and lodging to them. Defendant admits that the plaintiff was to board and lodge the laborers and that the agreement was that the defendant should deduct the amount of such board and lodging from their wages if the laborers consented and claims that the plaintiff was to pay him ten per cent upon the amount of such board so collected. The defendant also alleges that the plaintiff's claim had been fully paid. Ten items of credit claimed by the defendant, including the items for head money under the contract and for percentage on board bills, were controverted on the trial.

The plaintiff's claim, as developed upon the trial, was for $1,568.24 for board bills of the men, and it was proven that the defendant

had retained this amount from their wages. Plaintiff further claimed $345 for head money, which made a total indebtedness claimed against the defendant of $1,913.24. It was admitted in the answer that $814.86 had been paid by the defendant, thus leaving the balance claimed by the plaintiff, $1,098.38. The verdict was in favor of the plaintiff for $1,093.38. From the judgment entered upon such verdict and from an order denying a new trial the defendant appeals and urges that the verdict was contrary to and against the weight of evidence, and that the court made certain errors in its charge to the jury and in its rulings upon the trial.

While the plaintiff was the only witness to testify in his behalf, and the defendant had his own testimony, that of his son and of a clerk in his employ, yet the testimony of the plaintiff had sufficient corroboration in the defendant's evidence and in the admissions of defendant found in the documentary evidence to justify the jury in giving credit to his testimony rather than to that of the defendant and his witnesses. The jury undoubtedly were also influenced somewhat against the credibility of the defendant by the fact that while he was to keep the accounts between the parties he did not produce the original books of entry on the trial, but produced an account made up to suit his purposes.

The evidence as to the terms of the contract and as to all of the items of credit claimed by the defendant, except three, was conflicting and was properly submitted to the jury for their determination, and the verdict for the plaintiff had sufficient evidence to support it.

The court correctly charged that the defendant was not entitled to credit for the other three items. The defendant claimed that these were plaintiff's orders on him, which he was legally bound to pay.

One of them was a bill of fourteen dollars for beer furnished by the Excelsior Bottling Works. The defendant had testified on his examination as a third party in supplementary proceedings that "the charge of fourteen dollars for the Excelsior Bottling Works was for beer furnished to Tony Martin, who was in charge of the shanty; he was out of beer; the men wanted beer, and I told Barber that if he would let them have it, I would see that it was

paid, and I have not paid it; I did not have any order from Izzo for this payment." Under this testimony there was nothing to submit to the jury, as it clearly appeared that this bill was not a proper credit against plaintiff's claim.

The next of these items was a bill of McMahon & Wells against the plaintiff for $160. It was indorsed " O. K. Frank D. Izzo." This, at most, was an admission by plaintiff of the correctness of the bill. There is no order upon the defendant to pay it, and it falls far short of an acceptance or order which created a liability on the part of the defendant to pay it, nor had the defendant in fact paid it. The plaintiff testified that the name on the bill was his signature, but that he did not make the letters " O. K." thereon, and that he did not know what those letters meant. It is reasonable that this was so, as he was an Italian unfamiliar with our language.

The next and last of these three items was a credit claimed for balance of plaintiff's account, due the Fort Edward Brewing Company, amounting to fifty-one dollars and ninety-six cents. For this two orders were given, of which the following are copies:

" MIDDLE FALLS, *Oct.* 4, 1901.

" Mr. I. M. Ludington Pay to the order of Fort Edward Brewing Co. money to balance account.

" FRANK D. IZZO."

" FORT EDWARD, N. Y., *Oct.* 15*th*, 1901.

" Mr. I. M. LUDINGTON, Greenwich, N. Y.:

" DEAR SIR.— On the 25th inst. pay day please pay to the order of the Fort Edward Brewing Co. Fifty Dollars and charge same to my account & oblige

" FRANK D. IZZO."

Neither of these orders was accepted in writing or paid by the defendant, but nevertheless he claims he is liable to the brewing company upon them, and, therefore, is entitled to a credit from the plaintiff in this action. If the plaintiff's direction to pay fifty dollars to the order of the brewing company is regarded as a bill of exchange or negotiable instrument within the definition contained in section 20 of the Negotiable Instruments Laws (Laws of 1897, chap. 612), it will be seen by referring to section 220 of that law (as amd. by Laws of 1898, chap. 336) that in order to make a valid acceptance

it must be in writing and signed by the drawee. There is no such acceptance here.

It is claimed, however, that these orders amount to an equitable assignment. The doctrine is well settled in this State that to have the order effectual as an equitable assignment it must be drawn on a particular fund and not be payable generally. (*Brill* v. *Tuttle*, 81 N. Y. 454.)

One of these orders was a simple direction to pay, and the other to pay fifty dollars and charge to plaintiff's account. Neither was drawn upon a particular fund so that there was no equitable assignment and no liability upon the defendant to pay without being duly accepted. (*Shaver* v. *Western Union Telegraph Co.*, 57 N. Y. 459 ; *Attorney-General* v. *Continental Life Ins. Co.*, 71 id. 325 ; *Weinhauer* v. *Morrison*, 49 Hun, 498.) No such acceptance was shown.

Neither do I think that the facts proven with respect to these orders constitute a novation. That requires the creation of new contractual relations as well as the extinguishment of old. There must be the consent of all the parties to the substitution, resulting in the extinction of the old obligation and the creation of a valid new one. (21 Am. & Eng. Ency. of Law [2d ed.], 663 ; *Ryan* v. *Pistone*, 89 Hun, 78.) There is no proof here of any consent by McMahon & Wells or the brewing company to release Izzo and to look to the defendant for their pay, nor of any valid agreement on the latter's part making him liable to them, and, therefore, the doctrine of novation does not apply.

I find no errors in the charge or the rulings of the court.

The judgment and order should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.