### HELD v. CALDWELL–EASTON CO.

(Supreme Court, Appellate Division, Second Department. October 11, 1904.)

1. NOVATION.

The defense of novation is made out in an action on a note by evidence that defendant gave plaintiff an order on D. for the amount thereof, that plaintiff presented the order, and that it was discharged by means of a credit and note given by D., declared by plaintiff to have been received in settlement.

2. SAME—EVIDENCE.

Plaintiff, in rebuttal of evidence in support of the defense of novation through an order given by defendant on D. and the receipt by plaintiff from D. of a credit and note in settlement, may not show that in other transactions plaintiff had accepted orders from defendant as security, instead of payment, this having no tendency to prove the character of the transaction in question.

Appeal from Municipal Court, Borough of Brooklyn, Fourth District.

Action by Henry Held against the Caldwell-Easton Company. From a judgment awarding to plaintiff $1.29 damages and $2 costs, only, in an action on a promissory note for $300, he appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Joab H. Banton, for appellant.
Willard U. Taylor, for respondent.

WILLARD BARTLETT, J.  This is an action upon a promissory note for $300, in which the plaintiff has recovered only the amount paid out by him for protest fees, the court below having held that the defendant had established the defense of novation.  The proof fairly sustained this conclusion, and it cannot be held that the judgment in so far as it is unfavorable to the plaintiff is against the evidence or weight of evidence.  The plaintiff was demanding payment of the note in suit.  The defendant gave him an order upon one Dewey, who was the defendant's debtor, for the payment of the amount of the note. There is a dispute as to whether the plaintiff accepted this order expressly in payment of the note or not; but, however that may be, he presented it to Dewey for acceptance, and, while Dewey did not accept it at once, he subsequently gave the plaintiff credit for the amount of the order.  This fact appears not only by the testimony of Dewey himself, but by a letter from the plaintiff to the defendant, stating that the order upon Dewey had been settled by notes.  It has been said that a novation "requires the creation of new contractual relations as well as the extinguishment of old.  There must be the consent of all the parties to the substitution, resulting in the extinction of the old obligation and the creation of a valid new one."  Izzo v. Ludington, 79 App. Div. 272, 276, 79 N. Y. Supp. 744, 746.  In the present case we have proof not only that the plaintiff looked to Dewey, instead of to the defendant, for the payment of the $300 represented by the note in suit, but that the claim of the plaintiff upon that obligation was actually discharged by means of a credit and note given by Dewey, which were declared by the plaintiff to have been received in settlement.

There was no error in refusing to receive evidence that in transactions other than the transaction in suit the plaintiff had accepted orders from the defendant on other persons than Dewey as security, instead of payment of his claims against such persons.  The fact thus sought to be established had no tendency to prove the true character of the transaction between the parties with reference to the note in suit.

The judgment should be affirmed.

Judgment of the Municipal Court affirmed, with costs.  All concur.