(46 Misc. Rep. 154.)

### FORBES v. REYNARD.

(Supreme Court, Special Term, New York County. January, 1905.)

1. VENDOR AND PURCHASER—ASSIGNMENT OF CONTRACT.
    Where a vendee assigned his contract, the assignment transferred his demand to recover deposits paid and expenses for searching the title where it does not comply with the contract.

2. SAME—LIABILITIES OF ASSIGNEE.
    Where a vendee assigns his contract for the sale of real estate, and the assignee sues the vendor to recover deposits paid and expenses for searching the title, which proved defective, defendant, asserting her ability to give the agreed title, cannot counterclaim for specific performance, the assignee not being bound by the vendee's liabilities.

Action by George Forbes against Katharine F. Reynard. Demurrer to counterclaim. Sustained.

Leon Kronfeld, for plaintiff.
Thomas F. Keogh, for defendant.

BISCHOFF, J. The plaintiff, the assignee of a contract for the sale of real estate, sues the defendant, the vendor, to recover the deposits paid and expenses for searching the title, upon the ground that the title offered does not comply with the contract; and the defendant, asserting her ability to give the agreed title, counter-

claims for specific performance. The sufficiency of this counterclaim is assailed by demurrer.

An assignment such as this transfers the assignor's demand, but does not transfer his liabilities without some agreement upon the assignee's part to assume them (Bisp. Eq. §.173); and the situation cannot be taken as changed by the assignor's statement, in the contract, that his promise is binding upon his "assigns," since, until the assignee assumes the burden of the assignor's liability, this provision, like any other in the contract, embodies only the promise of the assignor. The contract provides, "The stipulations aforesaid are to apply to and bind the heirs, executors, administrators and assigns of the respective parties," and, while it may be assumed that the vendee and the assignee respectively made and accepted the assignment with knowledge of this provision, the promise of the vendee still was not transferred to the assignee without a novation, and there could be no novation until the vendor accepted the assignee in the vendee's place, discharging the latter from his promise by the very force of the assignment. Ryan v. Pistone, 89 Hun, 78, 35 N. Y. Supp. 81. The assent of the vendor, however, is not indicated by anything, so far as alleged, beyond the bare fact of her knowledge of the clause of the contract above quoted; but this clause does not import a discharge of the vendee in any sense; at best, it suggested an additional liability founded upon the assignee's willingness to answer for the debt of another (his assignor); yet the acceptance of the assignment by the assignee did not suffice to turn this willingness into an obligation available to the vendor, because there was no promise in writing. Suydam v. Dunton, 84 Hun, 506, 32 N. Y. Supp. 333. Had the vendor released the vendee and availed herself of the assignee's willingness to be bound, there would have been a novation, but there was no release, and the present assertion of a claim against the assignee does not supply the omission. Ryan v. Pistone, supra. Thus the presence of the clause referred to in the assigned contract does not alter the relations of the parties as indicated by the matters alleged. That the promise of the vendee to take title cannot be enforced against his assignee of the contract, in an action either for specific performance or for damages, is settled by authority in this jurisdiction (Champion v. Brown, 6 Johns. Ch. 398, 10 Am. Dec. 343; Suydam v. Dunton, 84 Hun, 506, 32 N. Y. Supp. 333; Adams v. Wadhams, 40 Barb. 225), the principle of the decisions being that the acceptance of the assignment does not put the assignee in privity of contract as to the assignor's promise to perform. The same principle applies to the enforcement of the assignor's covenants in an assigned lease when the assignee has not assumed them.

The counterclaim cannot succeed as a cause of action for nominal damages, since this plaintiff is not the party in default, nor can a sale of the premises be decreed in furtherance of a remedy against the plaintiff, as is suggested. If the plaintiff, as assignee of the contract of sale, had come into possession of the premises, the court could proceed in rem, and direct a sale to protect the vendor's

lien in equity for the purchase money, as in Champion v. Brown, supra. In such a situation the assignee's personal relation to the vendee's covenants would be immaterial, the proceedings not being in personam, as the court points out in the case cited; but where the vendor remains in possession he has all that he could get by a decree in an action to which the person liable for a deficiency between the agreed and the selling price of the property is not a party. There is no escape from the conclusion that the counterclaim is insufficient, and the demurrer is therefore sustained, with costs, with leave to defendant to amend on payment of costs within 20 days.

Demurrer sustained, with costs, with leave to defendant to amend on payment of costs within 20 days.