INMAN et al. v. F. N. BURT CO.

(Supreme Court, Appellate Division, Third Department. January 8, 1908.)

1. NOVATION—SUBSTITUTION OF NEW OBLIGATION.

To constitute a contract of novation, the original indebtedness or obligation must be extinguished, and a mutual agreement made among the parties to the old and new obligations, whereby the new is substituted for the old.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Novation, §§ 1–4.]

2. SAME—SUBSTITUTION OF DEBTOR—EVIDENCE.

Plaintiffs sold a machine to B. for use in his factory. Later, before paying for the machine, B., by bill of sale, transferred all of his personal property in the factory to defendant. Thereafter, defendant wrote to plaintiffs, complaining that the machine was not satisfactory, and demanding that they make it so before a specified date. Plaintiffs had written to B. previously, demanding payment. It was not shown that there was a mutual agreement by which defendant assumed the contract with plaintiffs, and B.'s liability was extinguished, nor that B. and defendant made any agreement for plaintiffs' benefit. Held, that there was no substitution of parties, so as to render defendant liable for the price of the machine.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Novation, § 5.]

3. FRAUDS, STATUTE OF—SUFFICIENCY OF WRITING—CONTENTS OF MEMORANDUM.

After a sale by plaintiffs to B. of a machine for use in his factory, he, by bill of sale, transferred all machinery, appliances, and personal property in the factory to defendant. Thereafter defendant wrote to plaintiffs that the machine would not work satisfactorily, and that plaintiffs could have one more chance to demonstrate that they could make the machine do satisfactory work. Held, that such letter did not constitute a sufficient memorandum in writing of the contract to render defendant liable for the debt, as it contained no promise sufficient under the statute of frauds, and expressed no consideration or terms of purchase, and made no reference to any agreement containing them.

Appeal from Trial Term, Montgomery County.

Action by Horace Inman and another against the F. N. Burt Company. From a judgment for plaintiffs and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Wallace Thayer, for appellant.
Henry V. Borst, for respondent.

SEWELL, J. The complaint alleges that on or about the 1st day of November, 1906, the plaintiff sold and delivered a machine, known as

a "lining and drying machine," for which the defendant promised and agreed to pay the sum of $1,100.

The plaintiffs attempted to establish the liability of the defendant by proof showing that in January, 1904, they entered into an agreement with one Fred N. Burt, whereby they were to manufacture, erect, and complete the machine in question for the sum of $1,100, which Burt agreed to pay; that the machine was constructed and set up in Burt's factory about March 1, 1905; that Burt claimed it would not do the work it was intended to perform, and refused to accept and pay for it; that on the 1st day of September, 1906, Burt transferred to the defendant, by a bill of sale, "all machinery, appliances, tools, chattels, and personal property of every kind and description in and around the box factories 'A,' 'B,' and 'C,' operated by first party in the city of Buffalo, N. Y., it being intended by this instrument to transfer and convey to second party all of the personal property owned by the first pertaining and appertaining to his paper box and lithographic printing business, conducted heretofore in the city of Buffalo, under the name of Fred N. Burt," and that a letter was thereafter written, in behalf of the defendant company, of which the following is a copy:

"October 24th, 1906.

"Inman Mfg. Co., Amsterdam, N. Y.—Gentlemen: Since receiving your last letter, we have received new parts and new canvas, and put them on the lining machine, and have done our best to get the machine to do satisfactory work, but we have not yet met with any success. We will let the machine stand until November first, and if you wish to come on and satisfy yourself that it will not do satisfactory work, you are at liberty to do so. Notwithstanding all that has been written and said about this very unsatisfactory machine, we will give you one more chance to demonstrate that you can make the machine do satisfactory work, provided you make the demonstration between now and November first.

"Yours truly,                              F. N. Burt Co."

It was not shown that there was a mutual arrangement among the parties by which the defendant assumed the contract with the plaintiff and the liability of Burt was extinguished or released; nor did it appear that Burt and the defendant made any agreement for the benefit of the plaintiffs. On the contrary, the plaintiffs' letter to Burt, dated October 16, 1906, in which they wrote, "We have filled our contract and did first-class lining and sent new canvas belt and parts to take the place of temporary pieces, as per arrangements made with your Mr. Palmer, and we now demand our money as the machine is your property," shows that the plaintiffs were not a party to any such arrangements or agreement by adoption or otherwise, and that they understood that their contract with Burt still subsisted. It is quite clear from what appears in the record that the case was tried upon the theory that the legal result of the defendant's letter was a substitution of parties. The court charged the jury that:

"For the purpose of this case, it stands before you as if the defendant company had made the agreement for the purchase of the machine."

I think this case is distinguishable from a case of novation. To constitute a contract of novation the original indebtedness or obligation must be extinguished. There must be a mutual agreement among

the parties to the old and the new obligation, whereby the new obligation is substituted for the prior one. Ryan v. Pistone, 89 Hun, 78, 35 N. Y. Supp. 81. The bill of sale executed by Burt only passed title to the property then owned by him. It imported no promises on the part of the defendant to purchase the machine or to assume the contract. There is nothing in the case to show that any of the parties intended to novate, and my conclusion is that the only question presented is whether the defendant became bound to pay the purchase price of the machine by reason of the letter of October 24, 1906. I am inclined to the view that the letter does not contain an agreement of any kind, but it is unnecessary to consider that question; for, if it imports a promise on the part of the defendant, it is insufficient in form under the requirements of the statute of frauds. It does not express any consideration or terms of purchase, nor refer to any agreement containing them, and it is impossible to say, from the contents of the letters, what the contract in fact was, and hence is wholly ineffectual for the purposes of a note or memorandum in writing of any contract whatever. In Brauer v. Oceanic S. N. Co., 178 N. Y. 339, 70 N. E. 863, the court said:

"The general rule is held by this court to be that a note or memorandum sufficient to take a contract out of the operation of the statute of frauds must state the whole contract with reasonable certainty, so that the substance thereof may be made to appear from the record itself without regard to parol evidence"—citing Ward v. Hasbrouck, 169 N. Y. 407, 62 N. E. 434; Drake v. Seaman, 97 N. Y. 230.

It follows that the order and judgment appealed from should be reversed and a new trial granted, with costs to abide the event. All concur, except JOHN M. KELLOGG, J., in result.