ANDERSON et al. v. NEW YORK & H. R. CO. et al.

(Supreme Court, Appellate Division, First Department. May 7, 1909.)

1. EASEMENTS (§ 23*)—CONVEYANCES OF DOMINANT ESTATE—RESERVATION.

On a conveyance of land abutting on a public street easements of light, air, and access pass to the grantee, though the grantors attempted to reserve, the same, and a right of action for their injury.

[Ed. Note.—For other cases, see Easements, Dec. Dig. § 23.*]

2. EASEMENTS (§ 23*)—EFFECT OF RESERVATION.

Where easements of light, air, and access, together with a right of action for their injury, are reserved in a conveyance of land, though the easements pass to the grantee, a trust results by which the grantee becomes trustee for the grantors as to all rights of recovery for the invasion or destruction of such easements.

[Ed. Note.—For other cases, see Easements, Dec. Dig. § 23.*]

3. ASSIGNMENTS (§ 109*)—LIABILITY OF ASSIGNEE.

In the absence of an agreement to that effect, the assignee of a personal contract is not liable on, and cannot be compelled to perform, the covenants of his assignor.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. § 188; Dec. Dig. § 109.*]

4. CONTRACTS (§ 147*)—CONSTRUCTION.

In the absence of fraud or mistake, a contract must be construed so as to give effect to the intention of the parties so far as it can be gathered from the instrument itself.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 730; Dec. Dig. § 147.*]

5. EMINENT DOMAIN (§ 153*) — COMPENSATION — PERSONS ENTITLED — VENDOR AND PURCHASER.

Contemporaneous with the delivery of a conveyance of land abutting on a street on which was operated an elevated railroad, a contract was made reciting that the grantors claimed a cause of action "accruing to the date hereof" for the damages to the property by reason of such railroad, and it was agreed that "said cause of action" should not pass by the conveyance but should remain the property of the grantors. *Held*, that the grantors' cause of action reserved was for the damages to the property to the date of the conveyance, and not afterwards.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 153.*]

6 INJUNCTION (§ 16*)—ADEQUACY OF LEGAL REMEDY.

Where the reservation by the grantors·of a lot abutting on a street of a right of action against an elevated railroad company for damages to the lot by the operation of the road constitutes the grantee ·a trustee of the cause of action or any recovery thereof, in the absence of proof of the grantee's financial irresponsibility, injunction will not lie to prevent

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a settlement of the cause of action between such grantee and the railroad company.

[Ed. Note.—For other cases, see Injunction, Dec. Dig. § 16.*]

Laughlin, J., dissenting in part.

Appeal from Special Term, New York County.

Action by William S. Anderson and another against the New York & Harlem Railroad Company, the New York Central & Hudson River Railroad Company, the New York, New Haven & Hartford Railroad Company, and Everett P. Wheeler. From a judgment for plaintiffs, defendants appeal. Reversed.

See, also, 58 Misc. Rep. 72, 110 N. Y. Supp. 232.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, LAUGHLIN, and CLARKE, JJ.

Alexander S. Lyman, for appellant Railroad Companies.

Horace E. Deming, for appellant Wheeler.

L. M. Berkeley, for respondents.

McLAUGHLIN, J.   On the 19th of December, 1896, the plaintiffs were the owners of certain real estate situate on Park avenue, in the city of New York, and on that day entered into a written contract to convey the same in exchange for other property to one Hodges.   The contract contained the following provision:

"And whereas in this exchange of properties that agreed to be conveyed by the parties of the second part [the plaintiffs in this action] is valued by both parties hereto at a less sum than it otherwise would be valued at by reason of a certain structure recently erected by the New York Central and Hudson River Railroad Company in front of said buildings. it is further agreed by both parties hereto that any and all claim or claims and rights of action to damage or depreciation of said buildings by reason of such structure shall be and remain with and the property of the party of the second part, irrespective of in whose name any action may be brought to recover such damage, and the party of the first part [Hodges] will execute such further proper instrument as the parties of the second part may be advised is necessary to confirm such property and rights in the said parties of the second part."

Hodges on the 29th of December assigned his interest in the contract to the defendant Wheeler.   Two days later the plaintiffs conveyed the real estate in question to Wheeler, and, simultaneously with the execution and delivery of the deed of conveyance, Wheeler, as party of the first part, and they as parties of the second part, entered into an agreement, which, after reciting the conveyance and that Anderson and Dowling claimed a cause of action against the New York Central & Hudson River Railroad Company and the New York & Harlem Railroad Company "for damages to said houses and property by reason of the elevation of the tracks of said companies upon Park avenue in front of said houses" and that it was not the intention of either of the parties "that said cause of action should pass" to Wheeler by the conveyance, but that the same should be and remain the property of Anderson and Dowling, provided as follows:

"Now, in consideration of the premises and of one dollar to the party of the first part in hand paid, the receipt whereof is acknowledged, it is hereby

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

covenanted and agreed by and between the parties hereto that the aforesaid cause of action does not pass by said conveyance but remains the property of the parties of the second part hereto and the party of the first part hereby assigns, transfers and sets over to the parties of the second part, their heirs, executors, administrators and assigns all his right, title and interest in any cause of action against the said railroad companies, or either of them, by reason of their aforesaid elevation of said tracks in front of said houses or the running of engines and trains thereon or connected in any way therewith, accruing to the date hereof."

Subsequently these plaintiffs, through the Court of Claims, collected from the state of New York the damages to the premises in question up to the time of the conveyance to Wheeler. In April, 1906, they brought this action. The complaint, among other things, alleged that the construction, maintenance, and operation of the railroad structure in front of said premises were illegal; that the owners had never consented thereto, and by reason of the impairment of the easements appurtenant to the premises the same had been damaged to the amount of $10,000; that the plaintiffs had requested Wheeler to bring an action as trustee for their benefit, or to become a plaintiff with them in this action, to recover such damage, which he had refused to do, but instead was proposing to settle with the railroad companies the claim for said damage, and to convey certain easements to them for an inadequate consideration, with the intent, he himself being without pecuniary responsibility, of applying said consideration to his own use, in violation of the aforesaid reservation and in fraud of the rights of the plaintiffs. Judgment was asked that it be determined that Wheeler had no beneficial interest in the easements or in the damages caused to the premises, but that he is a trustee of the same for the benefit of the plaintiffs, and, as such, that he be directed to execute such conveyances and releases as might be necessary to secure to them all the damages reserved; that he and the railroad companies be enjoined from carrying out their proposed settlement; and that the railroad companies also be enjoined from maintaining and using the said railroad structure until they pay to the plaintiffs the fee and rental damages. The answers of the railroad companies and Wheeler put in issue the material allegations of the complaint. The trial resulted in a judgment directing Wheeler to deliver to the plaintiffs upon demand a good and sufficient deed conveying to the New York & Harlem Railroad Company and to the New York Central & Hudson River Railroad Company a marketable title to such of the easements appurtenant to the premises in question as are required for or taken by the maintenance and use of the railroad viaduct in Park avenue in front of said premises, and that if the plaintiffs shall then tender such deed to such railroad companies, and they shall neglect for 10 days after such tender to pay the plaintiffs the sum of $6,000, then they be enjoined and restrained from using such viaduct; that the plaintiffs recover of Wheeler the sum of $380, the same being the interest on $6,000 from the date of the commencement of the action to the time of trial, and from the two railroad companies named the costs of the action. From this judgment, the railroad companies and Wheeler appeal.

All the parties seem to agree that, when the plaintiffs conveyed the land to Wheeler, this by operation of law took with it the easements

of light, air, and access, and if they did not, that question has been so definitely and thoroughly settled by this court and the Court of Appeals that it is no longer open for consideration. They could, however, as between themselves and as a part of the consideration, create "a resultant trust by virtue of which the grantee becomes a trustee for his grantor as to all moneys received or judgments recovered for the invasion or destruction of such easements." McKenna v. Brooklyn E. R. R. Co., 184 N. Y. 391, 77 N. E. 615. As between the plaintiffs, therefore, and the defendant Wheeler, if the easements were reserved, then that reservation operated to retain in favor of the plaintiffs certain rights which Wheeler could not and ought not in equity to disregard. Pegram v. Elevated R. R. Co., 147 N. Y. 135, 41 N. E. 424; Freund v. Biel, 114 App. Div. 400, 99 N. Y. Supp. 1067. The principle by which such trust relation is created, and the reason why it should be enforced in a court of equity, is fully discussed by Judge Landon in Western Union Tel. Co. v. Shepard, 169 N. Y. 170, 62 N. E. 154, 58 L. R. A. 115.

The main question presented, therefore, is whether the plaintiffs, when they conveyed to Wheeler, reserved all the damages, fee and rental, then accrued or thereafter to accrue by reason of the erection and maintenance of the structure referred to, and constituted him a trustee for their benefit in collecting or receiving the same. The answer to the question necessarily depends upon the construction to be put upon the conveyance to Wheeler and the agreement which was executed in connection with it. The agreement between the plaintiffs and Hodges has no bearing upon the subject, and ought not to have been admitted in evidence. Wheeler was neither party nor privy to it, and did not, by the assignment, bind himself in any way to do what Hodges had agreed to.

There are many authorities to the effect, and I have been unable to discover any to the contrary, that, in the absence of an agreement, the assignee of a personal contract is not liable on, and cannot be compelled to perform, the covenants of his assignor. New York Phonograph Co. v. Davega, 127 App. Div. 222, 111 N. Y. Supp. 363; Adams v. Wadhams, 40 Barb. 225; Suydam v. Dunton, 84 Hun, 506, 32 N. Y. Supp. 333; Ryan v. Pistone, 89 Hun, 78, 35 N. Y. Supp. 81, affirmed 157 N. Y. 705, 52 N. E. 1126; Heinze v. Buckingham, 62 Hun, 622, 17 N. Y. Supp. 12; Forbes v. Reynard, 46 Misc. Rep. 154, 93 N. Y. Supp. 1097; Comstock v. Hitt, 37 Ill. 543; Springer v. De Wolf, 194 Ill. 218, 62 N. E. 542, 56 L. R. A. 465, 88 Am. St. Rep. 155; Smith v. Kellogg, 46 Vt. 560; Page on Contracts, §§ 1266, 1267. The assignment was doubtless made and accepted with knowledge of all the provisions of the contract assigned, but something more than that was necessary to obligate the assignee to carry out the covenants of the vendee named in the contract. This could only be done by a specific agreement to that effect. There had to be a novation, which required a mutual agreement between Hodges, Wheeler, and these plaintiffs, by which they accepted Wheeler in the place of Hodges in the contract. Izzo v. Ludington, 79 App. Div. 272, 79 N. Y. Supp. 744, affirmed 178 N. Y. 621, 70 N. E. 1100;

Held v. Caldwell-Easton Co., 97 App. Div. 301, 89 N. Y. Supp. 954; Inman v. Burt Co., 124 App. Div. 73, 108 N. Y. Supp. 210. There is absolutely no evidence, so far as appears in the record before us, to show such agreement other than the assent of the plaintiffs to transfer the title to Wheeler and his assent to take title under the terms expressed in the contract. It is not claimed, or even suggested, that any proof was offered to the effect that the plaintiffs discharged or released Hodges from his contract. The conveyance to Wheeler is not set out in the record, and, this being so, it must be presumed to have been the regular form, and to have conveyed to him all of the right, title, and interest of the grantors in the premises in question, and, if he was created a trustee for their benefit, it must be solely by virtue of the terms of the agreement which was executed in connection with such conveyance. It is not claimed that any fraud was perpetrated upon the plaintiffs in the execution of that agreement, or that any mistake was made as to its terms, nor is it asked that the instrument be reformed. It must, therefore, be construed so as to give effect to the intention of the parties so far as it can be gathered from the instrument itself. Schoonmaker v. Hoyt, 148 N. Y. 425, 42 N. E. 1059.

In any aspect of the case, therefore, in order to succeed, the plaintiffs were bound to prove that, according to the terms of this instrument, it gave to them the right to have as against Wheeler compensation, not only for all the damages to the premises, fee and rental, which they had suffered during the period of their ownership, but also all the damages thereafter sustained to the commencement of the action. This instrument, when fairly construed, it seems to me, refers only to damages which had been sustained prior to its execution. There is not a provision in it which indicates that the plaintiffs were to be entitled to receive damages to the premises thereafter sustained. It commences by reciting that it was made at the same time as the conveyance, and that the grantors then claimed a cause of action for damages—the assertion of a claim for an existing cause of action for damages to a trespass already committed. Then comes a recital that "said cause of action" should not pass to Wheeler by the conveyance, but should remain the property of the plaintiffs. Following these recitals is the provision that "the aforesaid cause of action" did not pass by the conveyance, but remained the property of the plaintiffs. They then had a right of action to recover damages for a trespass committed to their property, and, such trespass being a continuing one, to maintain an action in equity for an injunction. The concluding sentence in the agreement indicates as clearly as anything can that what was intended by the parties was to secure to these plaintiffs the damages which had accrued up to that time and nothing else; otherwise, there is no meaning to the words "accruing to the date hereof." That this is what the plaintiffs understood the agreement to mean is evident from what subsequently took place. This action was not commenced until nearly 10 years after the conveyance, and intermediate the conveyance and the commencement of the action they presented a claim to the state of New York and had a recovery for the damages sustained down to the time the convey-

ance was made.  But, if it could be held that under the agreement between the plaintiffs and Wheeler he was constituted a trustee for their benefit, I do not even then see how this judgment could be sustained.  He would be at most a trustee for them for money received from or judgment recovered against the railroad companies for the damages which they had occasioned.  McKenna v. Brooklyn Union El. R. R. Co., supra.  He has neither received money nor recovered a judgment.  He holds nothing which belongs to the plaintiffs. Should he settle with the railroad companies in fraud of the plaintiffs' rights—assuming that they have any, which I do not think they have— he would be liable personally to them for the damages sustained.  But they could not, to prevent such settlement, enjoin him or the railroad companies from making it any more than they could compel him to bring an action against the railroad companies to restrain them from operating trains upon the structure erected in front of the premises, and certainly not in the absence of proof that he was financially irresponsible, and such settlement or refusal would result in an irreparable loss to them.  McKenna v. Brooklyn Union El. R. R. Co., supra; Schiefer v. Freygang, 125 App. Div. 498, 109 N. Y. Supp. 848.  There is not a particle of evidence in the record that Wheeler is not financially responsible and able to pay any damages which the plaintiffs may recover against him for a failure to perform his duties as their trustee.

The judgment appealed from, therefore, is reversed and a new trial ordered, with costs to appellant to abide event.

PATTERSON, P. J., and INGRAHAM and CLARKE, JJ., concur. ·

LAUGHLIN, J. (concurring).  I concur in the reversal of the judgment herein, but not upon the grounds stated in the prevailing opinion.  I agree that the rights of the plaintiffs depend upon their contract, not with the defendant Hodges, but with the defendant Wheeler. I do not, however, agree that the intention of the parties was to assign any cause of action which the plaintiffs had against the defendant railroad companies for trespass.  That, if it existed, was a personal action for damages and remained in the grantor.  The parties evidently assumed that the plaintiffs then had a cause of action against the defendant railroad companies for a continuing trespass, in which, as a condition of not enjoining the use and operation of the structure erected in Park avenue and of not compelling its removal, both rental and fee damages would be required to be paid.  I am of opinion that the agreement indicates that the conveyance of the premises was intended ,to be made upon the basis of their depreciated value caused by the erection of the structure and by the operation of trains thereon; and, had they framed their agreement properly to carry out that intention, Wheeler would be deemed a trustee for the benefit of the plaintiffs with respect to any consideration which he might receive from the railroad companies on account of the depreciation in the value of the property by the erection of the structure and operation of trains over the same.  The difficulty with the case is, however,

that, at the time this agreement was made, the plaintiffs had no cause of action against these railroad companies, and could not have maintained a suit to enjoin them from maintaining the structure in the street and operating trains thereon. The undisputed evidence shows that the defendant railroad companies had not at this time commenced to operate trains on the structure, and did not until the 16th day of February, 1897. It is now the settled law of this class of cases that no cause of action existed against the railroad companies for the erection of the structure, and that no cause of action accrued against them until they commenced to operate trains on the completed structure. Lewis v. N. Y. & Harlem R. R. Co., 162 N. Y. 202, 56 N. E. 540; Sander v. State of New York, 182 N. Y. 400, 75 N. E. 234; Muhlker v. Harlem R. R., 197 U. S. 544, 25 Sup. Ct. 522, 49 L. Ed. 872. Since the parties expressly provided in this agreement that the plaintiffs only reserved causes of action against these railroad companies "accruing to the date" of the agreement, it cannot be said, since no cause of action had accrued at that time, that they reserved anything unless the plain language of their contract is to be disregarded, and what may be supposed to have been their intention is to be supplied. Since the parties were so unfortunate as to make such a precise agreement, I think we must leave them where they have placed themselves, and hold that the plaintiffs did not reserve the right to the damages or to the easements, since the cause of action had not accrued at the time of making the agreement.