STELLA SPIRO, Plaintiff, *v.* READE PURE FOOD, INC., and Others, Defendants.

City Court of New York, Bronx County, November 27, 1933.

*Samuel Cherkos*, for the plaintiff.

*Nathan H. Elman*, for the defendants.

DONNELLY, J. This is an action on three promissory notes aggregating the sum of $1,600, made by the defendant Reade Pure

Food, Inc., and indorsed by the other defendants. After maturity of the notes a payment was made on account thereof in the sum of $300, leaving a balance of $1,300, with interest and protest fees, making in all the sum of $1,481.31.

Sanford Hein, who held a mortgage executed to him by the defendant Kaufman, executed an assignment of said mortgage to plaintiff; thereafter plaintiff, in a written agreement between her and the said Kaufman, extended the time of the payment of the indebtedness covered by said mortgage, in which said extension agreement it is recited that the said indebtedness includes the amount due on the notes in suit. Upon these facts the defendants contend, *first*, that the extension by plaintiff of the time for the payment of the indebtedness due on the notes operates to discharge the indorsers thereof; and *second*, that plaintiff, by her acceptance of the assignment of the mortgage, released the maker of the notes, the defendant Reade Pure Food, Inc., from its obligation on the notes.

Under subdivision 6 of section 201 of the Negotiable Instruments Law, indorsers may not be discharged unless the agreement to extend time of payment be made with the principal debtor. (*Brosemer* v. *Brosemer*, 99 Misc. 101; *National Park Bank* v. *Koehler*, 204 N. Y. 174, 178.)

At bar the agreement to extend the time of payment of the indebtedness arising on the notes was made between the plaintiff, the holder of the notes, and one of the indorsers, the defendant Kaufman. Under ordinary circumstances, this agreement would be insufficient to discharge the said indorser. But this agreement is supplemented by a written acknowledgment signed by the plaintiff, in which she states that the $2,700 due her from Kaufman according to the extension agreement, includes the amount of $1,300. This latter amount the defendants proved is part of the $2,700 consideration mentioned in the mortgage. It is clear that it was plaintiff's intention to release Kaufman from his obligation on the notes. So far as the other indorsers are concerned, the defense has not been sustained.

Plaintiff's acceptance of the assignment of the mortgage, her agreement with Kaufman to extend the time of the payment thereof and the acknowledgment to which reference has already been made, do not constitute a novation and a discharge of the maker of the notes, the defendant Reade Pure Food, Inc. To constitute a novation there must be an extinguishment of the original obligation and an executed mutual agreement among the parties to both the old and the new obligation, whereby the new is substituted for the old. (*Rogers* v. *Thomson*, 215 App. Div.

541.) To constitute a novation there must be the consent of all the parties to the substitution, resulting in the extinction of the old obligation and the creation of a valid new one. (*Izzo* v. *Ludington*, 79 App. Div. 272, 276; affd., 178 N. Y. 621.)

The defendant Jacob Gladstone was not served.

Verdict directed for plaintiff against the defendants Reade Pure Food, Inc., Sam Meshman and Jacob Furman for $1,303.95, with interest thereon from the 15th day of October, 1930; exception to defendants. Ten days' stay and thirty days to make and serve a case allowed.