CLARK SMITH v. A. L. KELLOGG AND LEWIS KELLOGG.

*Action.   Joinder of Defendants.   Proceedings in Actions on Joint Contracts under § 78, ch. 30, of the Gen. Sts.*

In general, in case of a mere *personal* contract, the action for the breach of it cannot be brought against a person to whom the contracting party has assigned his interest; and the original party alone can be sued. Thus, where the plaintiff demised lands and goods by lease signed by himself only, to one of the defendants and one L., who took possession under the lease, which obligated them to return the same goods at the end

of the term, or pay therefor, or replace them with others of the same kind and quality, and L. subsequently assigned his interest in the lease to the other defendant, who succeeded to L's possession, but made no new contract with the plaintiff, it was *held*, that L's assignee was not liable for said goods, under said lease.

If it be admitted or found without exception, that the plaintiff has a claim against all the defendants, he cannot, under § 78, ch. 30, of the Gen. Sts., have judgment against one of the defendants alone, for a claim against him and another not a party. And if he take judgment on his claim against all the defendants, so long as that judgment stands, he cannot bring upon the record the party so jointly liable with one of the defendants only.

ASSUMPSIT.   Plea, the general issue, with notice of payment. Trial by the court, September term, 1873, WHEELER, J., presiding.

The declaration contained two special counts and the general counts.   The first special counts declared upon a lease (as made to the defendants) from the plaintiff to the defendant A. L. Kellogg and one Charles Lowry, dated May 22, 1867, which was signed and sealed by the plaintiff only, and whereby the plaintiff leased a certain drug-store to the said Kellogg and Lowry, for the term of two years, together with certain personal property enumerated in a schedule thereto attached, among which was the soda fountain in question, valued at $290.   Said lease contained a clause that the said Kellogg and Lowry were to return said personal property to the plaintiff, at the end of the term, in as good condition as it was at the time of the execution of said lease, or pay therefor the prices named in said schedule, or replace the same by other property of like kind and quality; and this, whether the same was destroyed by the elements or not; but as to the premises, the rent was to cease on their destruction.   The second count declared upon a bailment of said fountain to the defendants, on the said 22d day of May, for the term of two years, to be returned by the defendants in good condition, or $290 to be paid for the use thereof, or the same to be replaced with another of the same kind and quality.

The plaintiff sought to recover the value of said soda fountain, and $14 for the rent thereof one year; and gave evidence which was not contradicted, that the said Kellogg and Lowry took possession of said store and property under said lease, at the date thereof, and retained possession down to some time in January, 1868, when the defendant Lewis Kellogg, bought out all the interest of the said Lowry in said store and drug business, to-

72

gether with all his interest in and under said lease, and that from that time the said Lewis was a partner of said A. L. Kellogg; that they carried on the drug business, and kept possession of said store and property, and used and occupied the same, without any new lease or agreement, down to the 4th of December, 1870, when said store and property were destroyed by fire. The plaintiff also gave evidence tending to prove that at the time of said fire, said soda fountain was burned and destroyed.

The court found that when the said Lewis bought out the interest of said Lowry in said lease and business, he succeeded to all the rights and liabilities of the said Lowry under said lease; that said soda fountain was destroyed by fire, with said store and other property, on the 4th day of December, 1870, without the fault of the defendants; that the plaintiff's claim therefor had never been settled or adjusted in any way; that the plaintiff demanded pay of the defendants for said fountain, after the fire, and before this suit was brought; and that after the fire, the defendants offered the plaintiff some fragments of the fountain, which were not wholly destroyed by the fire.

Upon these facts, the court held that the defendants were not liable for the price of said fountain, and rendered judgment for the plaintiff for the fourteen dollars for the use of the same, with interest; to which the plaintiff excepted.

*C. H. Joyce,* for the plaintiff.

We claim that Lewis Kellogg can be held under the lease, as well as Lowry could have been. No new lease or agreement was necessary, because the defendants holding over by consent of the plaintiff after the termination of the lease, are liable according to the conditions of the original written lease. Taylor L. & Ten. 16. In this case, the defendants had a right to elect whether they would return the soda fountain in kind and quality, or pay for it. They should have made their choice within a reasonable time after the fire; they neglected to do so, and in consequence, it then became the right of the plaintiff to elect, which he has done, by demanding the money and bringing this suit. *Patchin* v. *Swift et al.* 21 Vt. 292; Chitty Cont. 795; 2 Parsons Cont. 163.

But the rule which governs bailors and bailees, cannot be invoked by the defendants in this case, as by the terms of the lease they became the purchasers of this property, instead of bailees; they had a right to return another fountain or pay for the old one. *Smith* v. *Niles*, 20 Vt. 315; *Fuller* v. *Buswell*, 34 Vt. 107.

*Bromley & Clark*, for the defendants.

Lewis Kellogg is not liable under the first count as the assignee of Lowry. The effect of the finding is, that the relation of the parties was such that in case of a recovery against Lowry, founded upon the lease, he could go against Lewis Kellogg for indemnity. "In the case of a mere personal contract, the action for the breach of it cannot be brought against a person to whom a contracting party has assigned his interest, and the original party alone can be sued." 1 Chit. Pl. 47. The only exception is in case of a change of credit by agreement, discharging the party originally liable.

A. L. Kellogg is not liable under the first count, being sued upon a contract under which Lowry is jointly liable, and joined with a co-defendant who is not liable at all. There is no several liability of A. L. Kellogg under the lease. The omission to join Lowry with A. L. Kellogg, is fatal to the action, it appearing from the exceptions that he was jointly liable. *Roberts* v. *McLean*, 16 Vt. 608. The joinder of Lewis Kellogg with A. L. Kellogg, was unquestionably fatal, as the plaintiff failed to prove a joint contract of the defendants. 1 Chit. Pl. 44, 45. "If too many persons be made defendants, the plaintiff will be non-suited at the trial, if he fail in proving a joint contract." *Manahan* v. *Gibbons*, 19 Johns. 109. The lessees would not be liable in this action, unless the exceptions showed distinctly that they undertook to replace or pay for the soda fountain, if destroyed by the elements without fault. Story Bailm. § 408; Chit. Cont. 509. "Such a bailee is not answerable for a loss occasioned by accidental fire."

The opinion of the court was delivered by

Ross, J. By accepting the personal property named in the schedule annexed to the lease, under the lease, the defendant A. L.

Kellogg and Charles Lowry, to whom the lease was made, though it was unsigned by them, became personally obligated to the plaintiff to return to him the furniture named in the schedule, or to pay for it, whether the same should be destroyed by the elements or not. *Patchin* v. *Swift et al.* 21 Vt. 292. The obligation to return or pay for the soda fountain, was the personal obligation of A. L. Kellogg and Lowry ; and a breach of it by A. L. Kellogg and Lewis Kellogg, to whom Lowry assigned his interest in the lease, did not render the two Kelloggs liable therefor to the plaintiff. As to the plaintiff, the breach by the two Kelloggs was the breach of A. L. Kellogg and Lowry, and his remedy is against them, and not against the Kelloggs. The assignment of the lease by Lowry to Lewis Kellogg, and the delivery of the soda fountain by Lowry to Lewis Kellogg, as between them, was a good consideration for Lewis Kellogg's promise to Lowry to discharge all his, Lowry's, liabilities that might arise under said lease in regard to said soda fountain ; but it would not, without a special agreement to that effect between the plaintiff, the two Kelloggs, and Lowry, give the plaintiff the right to substitute Lewis Kellogg for Lowry under the lease. The action for the breach of a mere *personal* contract, cannot be brought against the person to whom the contracting party has assigned his interest, but must be brought against the original contracting party. 1 Chit. Pl. 47. The plaintiff does not claim to recover by virtue of any special contract between him and the two Kelloggs, entered into subsequently to the making of the lease. He claims to recover by virtue of the lease and the assignment by Lowry of his interest therein to the defendant Lewis Kellogg. On these grounds, as we have seen, he is not entitled to recover. The plaintiff, having a claim against the two Kelloggs which they either admit, or which the county court has found, without exception by them, exists against them, cannot, under § 78, ch. 30, of the Gen. Sts., take judgment against A. L. Kellogg alone, for the value of the soda fountain. His proof also shows that A. L. Kellogg is not individually liable for the value of the soda fountain, but is liable with Lowry, and hence, would necessitate the bringing of Lowry on the record as a co-defendant, which could not be done by the

county court, if the plaintiff had asked it, so long as he held his judgment for the $14 against the two Kelloggs. In whatever light we view the case, no error is discoverable in the judgment of the county court, and that judgment is affirmed.