### HUGEL v. HABEL.

(Supreme Court, Appellate Division, First Department.    May 21, 1909.)

1. COVENANTS (§ 30*)—BREACH—PERSONS LIABLE.

In the absence of an express agreement, the assignee of a personal contract is not liable on the covenants of his assignor.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 30; Dec. Dig. § 30.*]

2. VENDOR AND PURCHASER (§ 214*)—ASSIGNMENT OF CONTRACT—RIGHTS OF ASSIGNEE.

Where a vendee under a contract for the sale of land assigned his interest in the contract, the assignee was not entitled, on a breach by the vendor, to a judgment impressing a lien on the land for expenses of searching title or for damages for the vendor's refusal to perform; there being no agreement by which the assignee was to take the place of his assignor, though the contract provided that the stipulations therein should bind the heirs and assigns of the parties.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 214.*]

Houghton, J., dissenting.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, New York County.

Action by Samuel Hugel against Nathan Habel. Judgment for defendant (56 Misc. Rep. 402, 106 N. Y. Supp. 581), and plaintiff appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and LAUGHLIN, HOUGHTON, McLAUGHLIN, and SCOTT, JJ.

Aaron W. Levy, for appellant.

Saul H. Immergluck, for respondent.

McLAUGHLIN, J. On the 26th of April, 1906, the defendant entered into a written contract with one Harris whereby he agreed to sell and Harris to purchase certain real estate in the city of New York for the sum of $28,500. Harris paid $500 at the time of the execution of the contract, and agreed to pay the balance by taking the premises subject to a first mortgage for $18,000, a second mortgage for $2,500, a bond for $3,000 secured by a purchase-money mortgage, and $4,500 in cash on the 2d of July, 1906, when the deed was to be delivered. On the 28th of April, 1906, Harris assigned to the plaintiff all his "right, title, and interest in and to the said contract," including the $500 paid. The contract provided that the $2,500 mortgage was "to become due in about 2½ years from the date hereof." The parties met at the time fixed for the completion of the contract by the delivery of the deed; but the plaintiff refused to take the title, on the ground that the $2,500 mortgage was payable in semiannual installments of $500 each, instead of in "about 2½ years." An adjournment was then taken until the 5th of July, when a further adjournment was taken until the 9th, in order to enable the defendant to negotiate, if possible, a mortgage which should conform to the terms of the contract. The evidence as to what took place when the parties met on the adjourned day is conflicting; but the fact is undisputed that the defendant had been unable to make any arrangement as to the $2,500 mortgage and was still unable to convey according to the contract. Two days later the plaintiff commenced this action, alleging defendant's failure to perform, and seeking to impress a lien upon the land contracted to be sold for the $500 paid, $250 expenses incurred in examining the title, and $500 damages. The defendant in his answer alleged his ability and willingness to complete the contract, also plaintiff's refusal, and asked that he be compelled to specifically perform. The court found that the defendant was, within a reasonable time after July 9th, able to perform, and that the plaintiff unreasonably refused to perform, by reason of which facts plaintiff should be required to carry out the contract. Judgment was entered accordingly, and plaintiff appeals.

Hugel was neither party nor privy to the contract, nor did he become so through the assignment to him by Harris. There are numerous authorities to the effect—and I have been unable to discover any to the contrary—that in the absence of an express agreement the assignee of a personal contract is not liable on the covenants of his assignor. New York Phonograph Co. v. Davega, 127 App. Div. 222, 111 N. Y. Supp. 363; Adams v. Wadhams, 40 Barb. 225; Suydam v. Dunton, 84 Hun. 506, 32 N. Y. Supp. 333; Ryan v. Pistone, 89 Hun, 78, 35 N. Y. Supp. 81, affirmed 157 N. Y. 705, 52 N. E. 1126;

Heinze v. Buckingham, 62 Hun. 622, 17 N. Y. Supp. 12; Forbes v. Reynard, 46 Misc. Rep. 154, 93 N. Y. Supp. 1097; Comstock v. Hitt, 37 Ill. 543; Springer v. De Wolf, 194 Ill. 218, 62 N. E. 542, 56 L. R. A. 465; Smith v. Kellogg, 46 Vt. 560; Page on Contracts, §§ 1266, 1267. The contract, it is true, provided that the stipulations contained in it "were to apply to and bind the heirs, executors, administrators, and assigns of the respective parties," and the assignment was doubtless made and accepted with knowledge of this provision; but something more than that was necessary to obligate the assignee to carry out the covenants of the vendee named in the contract. This could only be done by a specific agreement to that effect, or by the substitution of the assignee for the vendee. The vendor, by an agreement with the vendee and his assignee, could accept the latter for the former; in other words, there must be a novation, and to constitute that there had to be a mutual agreement among Harris, Habel, and this plaintiff, by which the latter was to take the place of Harris in the contract. Ryan v. Pistone, supra; Izzo v. Ludington, 79 App. Div. 272, 79 N. Y. Supp. 744, affirmed 178 N. Y. 621, 70 N. E. 1100; Held v. Caldwell-Easton Co., 97 App. Div. 301, 89 N. Y. Supp. 954; Inman v. Burt Co., 124 App. Div. 73, 108 N. Y. Supp. 210. The record is barren of any evidence tending to show such agreement, other than the assent of the vendor to transfer the title to the assignee and his assent to take title under the terms expressed in the contract. It is not claimed, or even suggested, that any proof was offered to the effect that the vendor discharged the vendee or released him from his obligation.

In Champion v. Brown, 6 Johns. Ch. 398, the assignees of the vendee of a contract for the sale of real estate went into actual possession of the land contracted to be sold, and the representatives of the vendor sought to charge them personally the unpaid balance of the purchase price. It was held that their remedy was to impress a lien upon the property for the amount due; the assignees not being personally liable. The chancellor said:

"* * * Admitting the contract to have been duly assigned, the vendors could not have compelled the defendants to have paid the money. In this sense they could not have exacted from them specific performance of the contract. * * * The remedy by the vendor against the assignees may be said to be in rem, rather than in personam."

The case of Suydam v. Dunton, supra, is quite similar to the one now before us. There the executors of one Suydam contracted to sell certain real estate to the defendant, who assigned his interest in the contract to one Granger. At the time fixed for the completion of the contract, Granger refused to accept the deed tendered on the ground that the title was defective, and thereafter commenced an action against the executors for damages. The executors asked that he be compelled to specifically perform. This was denied, and the complaint dismissed. Thereafter the assignees of the executors brought an action against the vendee to recover damages for breach of the contract. It was held that they were entitled to recover, and that the judgment in the prior action was not a bar. Brown, J.—and his opinion was adopted by the late General Term—said:

"Granger did not, in the assignment to him by defendant, assume the obligations of the contract, and the executors could not have enforced it against him. He was not liable for the purchase money, because that was defendant's debt, and Granger could have been liable for it only in case he promised to pay it in writing. For the same reason he was not liable for specific performance. * * * The assignment neither bound Granger to, nor released the defendant from, the obligation of the contract. Its sole effect was to entitle Granger to demand and receive the performance of the contract of the executors. He stood in the defendant's place, and his tender of the installment of the purchase money may be considered in this action as made on defendant's behalf."

So here the assignment neither bound Hugel to, nor released Harris from, the obligation of the contract. All it did was to entitle Hugel to demand and receive performance of the contract by Habel. Hugel never agreed in writing to pay the purchase money, and therefore he cannot be compelled to specifically perform. For specific performance defendant must look to Harris.

The court held that plaintiff's refusal to take title was unreasonable. It may well be doubted whether such a conclusion is justified by the evidence. The time fixed for the delivery of the deed, as we have already seen, was the 2d of July, when an adjournment was taken to the 5th, and from then to the 9th. The defendant was unable at that time to give a deed according to the terms of his contract, and, so far as appears, was not able to give such deed until the latter part of July or the 1st of September. Inasmuch as there must be a new trial, and the evidence upon this subject may be different, it is unnecessary to here determine whether or not plaintiff's refusal was unreasonable. He was not, in any aspect of the case, entitled to a judgment impressing a lien upon the land contracted to be conveyed for the expenses incurred in searching the title or damages for defendant's refusal to perform. Elterman v. Hyman, 192 N. Y. 113, 84 N. E. 937; Occidental Realty Co. v. Palmer, 117 App. Div. 505, 102 N. Y. Supp. 648, affirmed 192 N. Y. 588, 85 N. E. 1113.

It follows that the judgment appealed from should be reversed, and a new trial ordered, with costs to appellant to abide event. All concur, except HOUGHTON, J., who dissents.