GENEVETZ v. FEIERING et al.

(Supreme Court, Appellate Division, Second Department. March 4, 1910.)

SPECIFIC PERFORMANCE (§ 17*)—ACTION BY ASSIGNEE—PERSONAL LIABILITY.

Where the vendees in a contract for the sale of land assigned the contract, and there was no evidence or finding that the assignee assumed any personal liability for the performance of the contract, there being no mutuality between the vendor and the assignee, the latter could not maintain an action for specific performance.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 39–40½; Dec. Dig. § 17.*]

Appeal from Special Term, Kings County.

Action by Sam Genevetz against Jennie Feiering and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

Isaac Miller, for appellant.
Jacob I. Berman, for respondents.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

THOMAS, J.   The vendees in a contract for the sale of real estate assigned the contract to the plaintiff, who brought an action for specific performance, uniting as defendants Feiering, the vendor, Friedman, the purchaser from Feiering, Fromson, a purchaser from Friedman, and McGuire, a purchaser of part of the property from Fromson.   The court found that the complaint should be dismissed as to Fromson, McGuire, and Friedman, and that no cause of action in equity was established as to any other defendants, and that the plaintiff have an order placing the case as to Feiering upon the calendar for the trial of issues by jury.   The judgment embodies the finding, except as to the permission for a jury trial as regards Feiering.   The appeal is from the judgment only.   It was found:

"That there was no assumption on the part of the plaintiff herein of the obligation to purchase the real property described in the complaint."

The evidence is not returned.   As there is no evidence or finding that the assignee assumed any personal liability for the performance of the contract, he cannot maintain this action.   Hugel v. Habel (First Department, 1909) 132 App. Div. 327, 117 N. Y. Supp. 78.   There is an entire absence of mutuality between the assignee and the vendor, which precludes the relief plaintiff seeks.   Wadick v. Mace, 191 N. Y. 1, 83 N. E. 571.

The judgment should be affirmed, with costs.   All concur.