(155 App. Div. 465.)

MURPHY v. HURLEY et al. (No. 1.)

(Supreme Court, Appellate Division, Second Department. February 21, 1913.)

1. VENDOR AND PURCHASER (§ 337*) — REMEDIES OF PURCHASER — LIEN FOR EARNEST MONEY—ASSIGNMENT.

Where the purchaser of land assigns his "claim" to the sum paid on the contract for the purchase, the assignee obtains no equitable interest in the land on which a lien for the money could be based.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 985–990; Dec. Dig. § 337.*]

2. VENDOR AND PURCHASER (§ 337*)—CONTRACT OF SALE—EARNEST MONEY—ASSIGNMENT—LIEN.

Where one contracts to purchase land and pays earnest money, and the vendor fails to perform, and the purchaser assigns the contract, the assignee is not entitled to a judgment impressing a lien upon the land for the earnest money, unless there is a specific agreement by the three parties that the assignee shall take the place of the assignor.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 985–990; Dec. Dig. § 337.*]

Appeal from Special Term, Kings County.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Morris Jacobs, of New York City, for appellant.

Vincent L. Leibell, of New York City (William Feinberg, of Brooklyn, on the brief), for respondent Hurley.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs 1907 to date, & Rep'r Indexes

WOODWARD, J. On the 31st day of May, 1911, the defendant Hurley, as the owner of an undivided one-third interest in certain premises on Surf avenue, Coney Island, in conjunction with the executors of the estate of P. H. McCarren, owners of an undivided one-third of the same premises, entered into an agreement in writing with one F. J. De Giers, by the terms of which agreement the said De Giers was to purchase the entire property at the sum of $52,500; the parties to the agreement promising to sell their interests and to use their best efforts to procure the consent of the Borough Bank (the owner of the remaining undivided one-third interest) to sell at the same price. Under the terms of this agreement, De Giers paid to Hurley and the executors of the McCarren estate the sum of $2,000. On the 25th day of June, 1912, De Giers assigned, not his interest in this contract for the purchase of the property, but "all that certain claim in and to the sum of $2,000, and interest, if any, paid to Samuel S. Whitehouse and William S. Hurley, upon a paper purporting to be a contract or offer or memorandum of the conditions regarding the contemplated purchase of premises located on Surf avenue, * * * and the said claim hereby granted, sold, assigned, and conveyed is a claim against William S. Hurley, Henry F. Haggerty, and Samuel S. Whitehouse, as alleged executors of the estate of Patrick H. McCarren and as individuals." This assignment was made to the plaintiff, who subsequently brought this action, claiming not only the right to recover the amount of money mentioned in the assignment, but to a lien upon the premises involved in the original transaction. A notice of lis pendens was filed, and the defendant Hurley moved the court to cancel this notice, on the ground that this is not an action brought to recover a judgment affecting the title to or possession, use, or enjoyment of real property under the provisions of section 1670 of the Code of Civil Procedure, and that therefore the lis pendens is illegally filed. This motion the court has granted, and the plaintiff appeals from the order granting such motion.

[1] The theory upon which courts of equity permit a recovery of earnest money in contracts for the sale of real estate, where there is a failure on the part of the vendor to perform, and to make such recovery a lien upon the property, is that the purchaser by his payment has acquired an equitable ownership in the property to the extent of his payment. Elterman v. Hyman, 192 N. Y. 113, 118, 122–123, 84 N. E. 937, 127 Am. St. Rep. 862, 15 Ann. Cas. 819, and authorities there cited. But in the case now before us the vendee has treated the case as one where he has a claim against the defendants in their personal and representative capacities, and he has assigned merely his claim for a certain amount of money, apparently upon the theory that he is thereby rescinding the contract, for in the assignment this contract is referred to as a "paper purporting to be a contract * * * regarding the contemplated purchase of premises." The vendee does not pretend to assign his interest in a contract then existing, but a claim for moneys alleged to be due him, and the plaintiff, standing on no better foundation than this assignment, has no cause of action which in any manner affects the title to the real property involved in the litigation.

[2] We quite agree with the view of Mr. Justice Stapleton, at Special Term, that it is obvious that, even were the contract for the sale of lands itself assigned by the vendee, his assignee, on breach by the vendor, is not entitled to a judgment impressing a lien upon the land for the earnest money paid by the original vendee, unless there is a specific agreement of novation to which the three parties agree that the assignee is to take the place of his assignor. Hugel v. Habel, 132 App. Div. 327, 117 N. Y. Supp. 78. The complaint here is not only without such an allegation, but it merely alleges an assignment of a claim for money, and this is not the foundation for such an action as is contemplated by section 1670 of the Code of Civil Procedure.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.

---

MURPHY v. HURLEY et al. (No. 2.)

(Supreme Court, Appellate Division, Second Department. February 21, 1913.)

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

