WILLIAM A. SCHUYLER, Respondent, v. KIRK-BROWN REALTY
COMPANY, Appellant.

Fourth Department, July 6, 1920.

**Vendor and purchaser — suit for specific performance brought by
assignee of vendee — suit does not lie where assignee does not
assume obligations of assignor — complaint defective in equity
but stating action at law — demurrer.**

Where a vendee of lands paid earnest money and agreed to pay a portion of
the balance of the purchase price on the delivery of the deed, the remainder
to be secured by his bond and mortgage, assigned his said contract for a
valuable consideration, but the assignee did not assume all the obligations
and covenants of the vendee, the assignee cannot maintain a suit for
specific performance against the vendor.

Hence, a complaint in such suit which fails to allege that the plaintiff
assumed the covenants and obligations of his assignor and does not allege
that the defendant accepted the plaintiff in the place and stead of said
assignor or consented to the said assignment, does not state a cause of
action for specific performance.

However, a demurrer to such complaint will not be sustained where, although
it fails to state a cause for specific performance, it does embody an action
at law to recover earnest money paid and for the expense of searching the
title.

If facts set out in a complaint justify either legal or equitable relief a demurrer
is not well taken.

APPEAL by the defendant, Kirk-Brown Realty Company,
from an interlocutory judgment of the Supreme Court in
favor of the plaintiff, entered in the office of the clerk of the
county of Onondaga on the 20th day of November, 1919, upon
the decision of the court, rendered after a trial at the Onon-
daga Special Term, overruling defendant's demurrer to the
complaint.

*Bond & Schoeneck* [*George H. Bond* of counsel], for the
appellant.

*Hancock, Spriggs, Melvin & Hancock* [*Benjamin E. Shove* of
counsel], for the respondent.

HUBBS, J.:

The defendant, as party of the first part, entered into a
contract with T. Aaron Levy, as party of the second part, by

which it was agreed that the defendant, the owner of a certain parcel of land, would sell the same to Levy for the sum of $36,500. Five hundred dollars of the purchase price was paid at the time of the execution of the contract; a certain portion of the balance was to be paid on the delivery of the deed; and the remainder was to be secured by a bond and mortgage to ·be given by the party of the second part. The contract provided that it should bind the heirs, executors, administrators and assigns of the parties thereto. Thereafter Levy, the party of the second part to the contract, sold and assigned the same to the plaintiff for a valuable consideration. The plaintiff brought this action to compel specific performance of the contract.

The complaint alleges the making and execution of the contract, the assignment thereof to the plaintiff and the refusal on the part of the defendant to comply with its terms. It further alleges that Levy, the plaintiff's assignor, had duly performed all of the conditions of the said contract and that the plaintiff is ready and willing to fulfill all of the obligations imposed upon the plaintiff's assignor or upon himself as assignee by said contract, and he is ready and willing and offers to pay the purchase money to the defendant and to give to the defendant a bond, executed by the plaintiff's assignor, Levy, or by the plaintiff, or by both, as the defendant may elect, and the purchase-money mortgage provided for in the contract. The complaint demands judgment for specific performance of the contract. It is also alleged in the complaint that $500 was paid by the plaintiff's assignor to the defendant at the time of the execution of the contract and that the plaintiff's assignor, Levy, and the plaintiff have, in good faith, expended for maps, searches and legal services in searching the title to the property the sum of $150, and judgment is demanded that, in case the defendant cannot make a good title to the property, the defendant be adjudged to pay to the plaintiff the said sum of $650.

The defendant interposed a demurrer to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. The learned Special Term overruled the demurrer and the defendant has appealed to this court.

The defendant contends that the complaint does not state a cause of action for specific performance of the contract

because it does not allege that the assignee of the said contract, the plaintiff herein, in and by said assignment, assumed all of the obligations and covenants imposed by the terms of said contract on his assignor. The language of the complaint is as follows: " Prior to the commencement of this action T. Aaron Levy, hereinafter referred to as plaintiff's assignor, sold, assigned and transferred to the plaintiff herein, for a valuable consideration, all his right, title and interest in, to and under the contract hereinafter referred to." There is no allegation in the complaint that the plaintiff assumed the covenants and obligations of his assignor. Neither is there an allegation that the defendant accepted the plaintiff in the place and stead of the said assignor, Levy, or consented to the assignment of the contract from Levy to the plaintiff. Therefore, the question is squarely presented as to whether or not the assignee of a vendee in a land contract can maintain an action for specific performance against the vendor where the assignee has not assumed the obligations and covenants imposed by the contract on his assignor. The question involved is not free from doubt and if we did not feel that we are bound by certain decisions of the Court of Appeals we would be well satisfied to let the decision in this case stand upon the learned opinion of the justice at Special Term. (*Schuyler* v. *Brown Realty Co.,* 109 Misc. Rep. 258.)

It is undisputed that the assignment to the plaintiff transferred to him the assignor's rights against the defendant, but it did not transfer the assignor's liabilities to the defendant, because there was no agreement on the part of the plaintiff to assume the liabilities of his assignor. There have developed in this State two lines of authorities, one holding that in such a case an action for specific performance will not lie against the vendor because there is no mutuality between the assignee and the vendor, that is, that the vendor, not being in a position where he can succeed in an action for specific performance against the assignee of the contract, is not liable in an action for specific performance brought by the assignee of such a contract against him, and the other line of authorities holding that where there is a legal contract and a court of equity by its decree can adjudge a full performance by both parties, so that each shall receive from the other everything that he is

SCHUYLER *v.* KIRK-BROWN REALTY CO.

entitled to under the contract, then such court has jurisdiction
to decree specific performance and there is no want of mutu-
ality, and that even though a vendor might not have been
able, in an action brought by him, to compel specific perform-
ance against the assignee of the contract, still, where the action
is brought by the assignee and he has submitted himself to the
jurisdiction of the court, the court will retain jurisdiction and
make a decree enforcing the contract as to both of the parties,
compelling the defendant to transfer the title to the assignee
upon the compliance by the assignee with all of the conditions
of the contract.

The reasons for the divergence in the application of the
principles involved under the doctrine of mutuality in contracts
have been discussed in many decisions in this State. The
learned Special Term in overruling the demurrer has adopted
the second line of reasoning set forth above. It would serve
no useful purpose for us to review the cases upon this question,
as we feel constrained to follow what we understand to be a
final determination of the question by the Court of Appeals.
It seems to us that the Court of Appeals has held that there
can be no specific performance in a case like this even though
the plaintiff has tendered to the defendant that which he is
entitled to receive under the contract; that as the defendant
is not entitled to maintain an action for specific performance
against the plaintiff, there is want of mutuality of obligation
and remedy which prevents a court of equity from exercising
jurisdiction in an action for specific performance brought by
the assignee against the vendor. The following cases have
established that principle: *Ide* v. *Brown* (178 N. Y. 26, 39);
*Wadick* v. *Mace* (191 id. 1); *Levin* v. *Dietz* (194 id. 376);
*Dittenfass* v. *Horsley* (177 App. Div. 143; affd., 224 N. Y. 560).
(See, also, *Genevetz* v. *Feiering*, 136 App. Div. 736; *Hugel* v.
*Habel*, 132 id. 327.) Dean Stone in a very able article in the
Columbia Law Review (Vol. 16, p. 443) questions the decisions
above referred to but concedes that they hold as above stated.

The plaintiff cannot maintain the action for specific perform-
ance. The demurrer was properly overruled, however, as
the complaint sets out a cause of action upon which the
plaintiff would be entitled to recover $650 if no answer were
interposed. Where the complaint states facts which show

that the plaintiff is entitled either to equitable or to legal relief the complaint is not demurrable upon the ground that it fails to state facts sufficient to constitute a cause of action. If the facts set out in the complaint justify either legal or equitable relief, a demurrer upon that ground is not well interposed. (*Gillespie* v. *Montgomery*, 93 App. Div. 403; *Wisner* v. *Consolidated Fruit Jar Co.*, 25 id. 362; *Mitchell* v. *Thorne*, 134 N. Y. 536.) Clearly the complaint in this case states a cause of action at law for $650 damages.

The judgment overruling the demurrer should be affirmed, with costs and disbursements.

All concur.

Interlocutory judgment affirmed, with costs, with leave to the defendant to plead over within twenty days upon payment of costs of the demurrer and of this appeal.