HYMAN KLEINMAN and ABRAHAM HARRISON, Appellants, *v.* SAM STRASSBURG, Respondent.

(Supreme Court, Appellate Term, Second Department, July, 1921.)

Vendor and purchaser — an assignee of a vendee of a memorandum of sale of real estate cannot recover from assignor amount paid for assignment.

> Where defendant, the intending vendee of certain real estate, upon receiving the memorandum of sale signed by the intending vendor, paid him $100 on account and a few days before the time fixed by the memorandum for closing the transaction assigned his interest in the contract to plaintiffs, receiving from them $500, the assignees are not entitled to recover the amount paid to defendant by them although the agreement to convey was never carried out.

APPEAL from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, fifth district, dismissing plaintiffs' complaint upon the merits.

Jacoby & Halle (Oswald N. Jacoby, of counsel), for appellants.

Drechsler, Orenstein & Leff (Max Leff, of counsel), for respondent.

CROPSEY, J.    The defendant agreed to purchase a piece of real estate from a man named Regelhaupt.

Regelhaupt signed the receipt or memorandum of sale. A few days later and before the time fixed by the memorandum for closing the transaction the defendant by written instrument assigned his interest to the plaintiffs. When defendant received the memorandum from Regelhaupt, he paid him $100 on account, and when he assigned his interest in the contract to the plaintiffs he received from them $500. That is, a profit of $400. Regelhaupt did not carry out the agreement and the plaintiffs sued him for specific performance, but discontinued the action before it went to judgment, and the rights of the plaintiffs to such relief were never passed upon. This action is brought to recover $600. Five hundred dollars of this amount is the sum paid by the plaintiffs to the defendant for the assignment and $100 is the sum claimed to have been paid by the plaintiffs at the request of the defendant to the broker in the transaction. This $100 item need not be considered, for the defendant denied having made any such request, and the court below has found in his favor.

The interesting question remains whether the plaintiffs can recover the sum paid by them to the defendant for the assignment. The defendant claims that the receipt or memorandum signed by Regelhaupt constituted an enforceable contract. The plaintiffs contend to the contrary. We think the paper contained all the essential elements and that it was enforceable by the defendant against Regelhaupt although the defendant did not sign it. But, for the decision of this case we think it is immaterial whether that memorandum satisfied the Statute of Frauds. Even if it was enforceable by the defendant it would not be enforceable by the plaintiffs under their assignment, at least not to the extent of decreeing specific performance to them, for there is nothing to show that

Regelhaupt was a party to the assignment or that the plaintiffs became bound to him to purchase the property. *Genevetz* v. *Feiering,* 136 App. Div. 736; *Schuyler* v. *Kirk-Brown Realty Co.,* 193 id. 269; *Dittenfass* v. *Horsley,* 177 id. 143; affd., 224 N. Y. 560; *Hugel* v. *Habel,* 132 App. Div. 327.  And of course if it was not enforceable by the defendant, enforceable, that is, in the sense that specific performance could be decreed in a suit by him, the plaintiffs necessarily could not have had such right.  Hence, in no event, could it be so specifically enforced by these plaintiffs.

But we do not think it follows that the plaintiffs can recover back the amount paid by them to the defendant.  On the contrary, we think they cannot have such a recovery.  The defendant did not agree to sell the property in question to the plaintiffs nor to give them title to any interest therein.  The defendant did not claim or represent that he had any title to the property.  It is conceded there was no fraud.  The defendant did not agree to give the plaintiffs anything other than what he in fact gave them when he executed the assignment.  By that assignment he transferred to them all the rights he had in his contract with Regelhaupt, and when he turned over to the plaintiffs that assignment, with the contract referred to in it, he had done all that he had obligated himself to do.  He merely agreed to and did transfer to the plaintiffs whatever rights he had in the contract.  And the result would have been the same if, instead of saying he transferred all his " rights," he had broadly assigned the contract.  In either case all that would be sold to the plaintiffs would be the contract and his rights in it.  The plaintiffs got just what they bought, namely, the contract which the defendant had with Regelhaupt and whatever rights he had under it.  At least the plaintiffs got all the rights defendant

had thereunder in so far as he could transfer them. If the plaintiffs did not get the right to compel Regelhaupt to specifically perform that was not the fault of the defendant, but was the fault of the plaintiffs in not arranging with Regelhaupt so that both he and they would be mutually bound. All the plaintiffs bought was a chose in action. If they paid more for it than it was worth, that cannot be the basis for relief here, if anywhere.

The theory of the plaintiffs seems to be that they can recover upon an implied warranty and because of a failure of consideration. What the claimed implied warranty is, is not definitely stated. The only warranty that would seem to aid the plaintiffs would be one to the effect that the contract assigned would be performed by Regelhaupt. But no such warranty is implied on the sale of an executory contract. There is an implied warranty that the vendor has the right to sell what he purports to sell and that the thing he sells is genuine, that is, if it be a contract, that it in fact was made by the parties whose names are attached to it. In *Thomas* v. *Bartow,* 48 N. Y. 193, 197, the court says : " It was claimed on the argument that the assignment of the McPhierson contract, containing his covenant to give a sufficient deed, implied a warranty on the part of the assignors that McPhierson had a good title and a right to convey the land. It implied a warranty that the assignors owned the contract assigned by them, and that the signatures to the contract were genuine, but not that the land embraced in it was the property of McPhierson." To the same effect are the cases of *Beier* v. *Spaulding,* 92 Hun, 388, 391 ; *Pratt* v. *Clark,* 118 App. Div. 633, 638–640 ; *Griel* v. *Lomax,* 86 Ala. 132, 135 ; *Galbreath* v. *Wallrich,* 45 Colo. 537 ; *Frost* v. *Raymond,* 2 Caines, 188.

The cases cited by appellants are readily distin-

guishable. *Sherman* v. *Barnard,* 19 Barb. 291, is the principal one. The sale in that case was a chose in action which was entirely void. That is not so in the present case. Even though the contract here could not be enforced specifically by the plaintiffs for lack of mutuality, it could at least be enforced by them in an action at law for the recovery of the $100 paid to Regelhaupt by the defendant on account of the purchase price. *Schwimmer* v. *Roth,* 111 Misc. Rep. 654. This would be true even though it be held that the plaintiffs could not enforce a lien against the property to recover their damages arising from Regelhaupt's refusal to perform. *Hugel* v. *Habel,* 132 App. Div. 327, 330; *Occidental Realty Co.* v. *Palmer,* 117 id. 505; affd., 192 N. Y. 588.

*Livingston* v. *Spero,* 18 Misc. Rep. 243, does not decide the question at all. In the opinion instances are collated of the implied warranty of the present existence and genuineness of the chose in action sold. There is such an implied warranty but that does not aid the plaintiffs. This contract was an existing one and it was genuine. The trouble is Regelhaupt refused to carry it out, but that was not the fault of defendant. He had not warranted performance by Regelhaupt.

A dismissal of plaintiffs' complaint was proper, and the judgment should be affirmed, with twenty-five dollars costs.

KELBY and LAZANSKY, JJ., concur.

Judgment affirmed.