Arrow Holding Corporation, Plaintiff, *v*. T. J. McLaughlin's Sons, Defendant.

(Supreme Court, New York Special Term, October, 1921.)

Specific performance — real property — when assignee of vendee under contract holding same for speculative purposes will not be granted relief — evidence.

> Where the evidence in an action brought by the assignee of the vendee under a land contract to compel specific performance, is to the effect that plaintiff made no attempt to search the title of the property, although he had a sixty-day contract, until a few days just prior to the closing of the title, and the attempted explanation of this significant occurrence and of the events which immediately succeeded it, is wholly inadequate to dispel the unavoidable conclusion that plaintiff held the contract solely for speculative purposes in the expectation of taking title if a prior favorable sale could be made and of avoiding it in the absence of such favorable result, the relief asked for will not be granted and the complaint will be dismissed.

Action to compel specific performance.

Julius H. Zieser (Francis M. Scott, of counsel), for plaintiff.

Middlebrook & Borland (Joseph M. Proskauer, of counsel), for defendant.

BIJUR, J. This is an action to compel specific performance by a vendor of an agreement to convey certain property. Plaintiff is the assignee of the vendee, and had by an appropriate instrument assumed all the latter's obligations under the agreement of sale. It is not claimed that the vendor (defendant) assented either to the assignment or to the assumption of the vendee's obligation. On the other hand, there is no question but that the assignee has tendered and is able to make full performance of the vendee's obligation. The defendant's first and main point is one of law, to the effect that " in no event can the assignee of the vendee under a contract for the purchase of real estate maintain an action for specific performance unless there has been an assumption and a novation." Although I have concluded to dismiss the complaint for complainant's practically willful default, defendant has so earnestly urged the point of law referred to upon the court's attention that I feel it should be disposed of. This is more particularly true because of the peculiar condition in which I find the authorities, as I shall point out. Defendant's counsel, as authority for his proposition, cites in the order named: *Hugel* v. *Habel,* 132 App. Div. 327; *Murphy* v. *Hurley,* 155 id. 465; *Forbes* v. *Reynard,* 46 Misc. Rep. 154; *Schuyler* v. *Kirk-Brown Co.,* 193 App. Div. 269; *Izzo* v. *Ludington,* 79 id. 272; *Genevetz* v. *Feiering,* 136 id. 736; *Ide* v. *Brown,* 178 N. Y. 26; *Ryan* v. *Pistone,* 89 Hun, 78. The syllabus of *Hugel* v. *Habel* directly supports defendant's contention. The only difference between the two cases is that in that case the action was to impress a lien for the purchase money, while in the instant case it is for a conveyance of the property. On examination of *Hugel* v. *Habel,* however, it will be found that the syllabus completely misstates the actual decision of

the court. The vendee in that case had assigned to the plaintiff all his rights under the contract, and after a number of occurrences which do not affect the question the assignee brought the action to impress a lien upon the land for the amount of the purchase money paid and other items alleging defendant's default. The defendant proved his ability then to complete the contract and asked that plaintiff (the assignee of the vendee) be compelled to specifically perform, *i. e.*, accept the property. The judgment below was that the defendant within a reasonable time after the law day had become able to perform; that plaintiff unreasonably refused, and accordingly that the defendant should have a decree requiring plaintiff to accept the conveyance. This judgment was reversed by the learned Appellate Division on the ground that the plaintiff (assignee of the vendee) had admittedly not assumed the obligation of the vendee, *nor* had there been a novation substituting the plaintiff for the original vendee with the consent of the vendor. Consequently, on no possible theory was plaintiff *under* an obligation to defendant (vendor) to accept the deed or to do anything else. A new trial was ordered. It will be observed from an analysis of this decision that if not the actual holding, at least the reasonable implication is directly contrary to the statement in the syllabus. What the court actually decided was that the vendor could not obtain a decree of specific performance against the assignee of the vendee who had not made himself liable to the vendor either by an assumption of the vendee's obligations in that particular form or by another and more complete means, namely, a novation. There was no express discussion of the right of the bare assignee of the vendee to impress upon the premises a lien for the purchase money. However, it is diffi-

cult to escape the conclusion that had the learned court thought that such action was not maintainable, all of the facts of the case having been exposed, it would necessarily have dismissed the complaint instead of directing a new trial. A consideration of that point would involve the question of the extent to which the doctrine of " mutuality of remedy " is to be applied, to which I have alluded in discussing *Schuyler* v. *Kirk-Brown Co., supra.* It is not germane to the present discussion, which I confine to pointing out that *Hugel* v. *Habel* did not decide, as the syllabus would have us believe, that the assignee of a vendee is not entitled to specific performance unless there has been a complete novation. In the next case cited by defendant, namely, *Murphy* v. *Hurley,* the actual decision was that the plaintiff (assignee of the vendee) had received by the terms of the assignment only the vendee's claim to the earnest money and that not being an assignee of the vendee's interest in the contract or in the land he was not in a position to file a notice of *lis pendens* against the land. The statement by the learned court on page 467 of agreement in the views of the learned judge below that " * * * even were the contract for the sale of the lands itself assigned by the vendee, his assignee on breach by the vendor, is not entitled to a judgment impressing a lien * * * unless there is a specific agreement of novation," etc., is entirely *obiter.* Moreover, it is expressly based upon the authority of *Hugel* v. *Habel, supra,* as to the significance of which no doubt both the learned Appellate Division and the learned judge below were misled by the altogether mistaken syllabus. The third case, namely, *Forbes* v. *Reynard,* decides only that a bare assignment of a vendor's rights under a contract for the sale of real estate does not trans-

fer the vendee's liability to the assignee, a proposition which no one questions. The other cases relied on by defendant, notably the one most cited, namely, *Schuyler* v. *Kirk-Brown Co.*, are in part quite inapplicable, while the remainder lend no support at all to defendant's present contention. In the court below the learned judge at Special Term had held (109 Misc. Rep. 258) that, although the bare assignee of the vendee was not bound to the vendor by way of assumption of the obligations of the vendee or otherwise, nevertheless his offer in the complaint to fulfill all the obligations imposed upon the vendee, including the payment of the purchase money, supplied sufficiently the element of " mutuality of remedy " as against himself upon which the right of the assignee to specific performance has been held in this state to depend. The learned judges of the Appellate Division, expressing their own view that this conclusion was sound, felt bound, nevertheless, to disagree with the trial judge because bound by certain decisions of the Court of Appeals therein referred to, to which may be added *Mutual Life Ins. Co.* v. *Stephens,* 214 N. Y. 488. Parenthetically, it may be remarked that the decision below overruling the defendant's demurrer was sustained because of another point altogether unrelated to the subject now under discussion. The *Schuyler* case has necessarily discussed the whole subject of mutuality of remedy, including references to the critical articles on the subject by Professor Ames in 3 Columbia Law Review, page 9, and Dean Stone's elaborate criticism in 16 Columbia Law Review, 443. It recognizes the unique position of the courts of this state in adhering to the doctrine to its full and precise extent rather than to make the test the more general question whether the enforcement of the contract would be " inequi-

table.'' *Great Lakes, etc., Co.* v. *Scranton Coal Co.,* 239 Fed. Repr. 603; *Guffey* v. *Smith,* 237 U. S. 101, 115, *et seq.; Chadwick* v. *Chadwick,* 121 Ala. 580. Apart from the claim that a novation is essential to entitle plaintiff to maintain the present action — a claim which I have shown to be entirely unfounded except upon a misapprehension due to a wrong syllabus — defendants do not contend that the assignee of a vendee who has assumed the vendee's obligation cannot, because of absence of mutuality of remedy, maintain a bill for specific performance. Indeed, the plain intendment, if not the direct authority, of most of the other cases cited is to that effect, as for example, *Genevetz* v. *Feiering,* 136 App. Div. 736. See, also, *Willard* v. *Tayloe,* 8 Wall. 557, 571. I have been at pains to consider this first contention of defendant because it was particularly stressed at the trial and in the briefs subsequently submitted as decisive upon a question of law necessarily involved. Although I now find the point to be not well taken, I think that defendant is entitled to judgment dismissing the complaint on the merits on a vital question of fact. The evidence is to the effect that plaintiff made no attempt to search the title of this property, although he had a sixty-day contract, until a few days just prior to the closing day. The attempted explanation of this significant occurrence and of the events which immediately succeeded it is wholly inadequate to dispel the unavoidable conclusion that the plaintiff held the contract solely for speculative purposes in the expectation of taking title if a prior favorable sale could be made and of avoiding it in the absence of such favorable result. At all events plaintiff does not occupy the position of one who was anxious or even desirous of fulfilling his agreement as made, but who was prevented by either unforeseen or unavoidable

occurrences. Rather, it is clear to my mind that his default occurred either willfully or through reckless and inexcusable indifference. Under these circumstances a court of equity will not on familiar principles award the relief of specific performance. *Groesbeck* v. *Morgan,* 206 N. Y. 385. Complaint dismissed.

Complaint dismissed.